WESTERN DIST.
October, 1834.

WILLIAMS
vs.
KELSO.

judge, not to refuse to receive, and act upon the opposition of E. Hayes, unless the appellee shows the publication of the notice according to law, and that so far as it overruled the opposition of Chew, the judgment of the Court of Probates be affirmed, with costs in both courts. The costs of the appeal, as to E. Hayes, to be paid by the appellee.

---

## WILLIAMS vs. KELSO.

**APPEAL FROM THE COURT OF THE SIXTH JUDICIAL DISTRICT, THE JUDGE THEREOF PRESIDING.**

The writ of execution must pursue the judgment. But if the judgment be in itself vague and uncertain, it may be rendered certain by reference to the pleadings.

When a writ of possession is directed to a sheriff, a copy of the judgment, and a copy of the petition to which it refers, must accompany the writ, in order that the officer may not be mistaken in the premises, of which he is to give possession.

So in a possessory action, when the premises in contest are so vaguely described in the pleadings, that they cannot be designated with any certainty, and the verdict and judgment are general, "that the plaintiff recover possession of *the land sued for*," they will be set aside as being too vague, and the cause remanded for a new trial.

This is a possessory action, in which the plaintiff alleges, he is owner of a tract of land, of ten arpents front, by the usual depth, on Bayou Robert, and that he has been in the quiet possession of it, for more than a year, and in the actual occupation and cultivation of the same, until recently, the defendant invaded his premises, and forcibly and violently took possession of *a part of said tract*, without any legal authority.

WESTERN DIST.
*October*, 1834.

WILLIAMS
*vs.*
KELSO.

He alleges, he has sustained five hundred dollars damages, for which he prays judgment, and that he be restored to the possession of such part of his tract, as has been taken into possession by the defendant, and his costs.

The defendant pleaded a general denial. He denies specially that he ever dispossessed the plaintiff of any part of his land; and avers, he is the actual owner and possessor of the land claimed, and has been in the possession thereof for many years; possession of a part being possession of the whole. He prays to be dismissed with his costs.

Upon these pleadings, the parties went to trial. Many witnesses were called, and testified on both sides, whose testimony was taken down in writing. But none of the testimony designated the precise amount or quantity of land, the possession of which was in contest. No diagram or survey of the disputed premises, was made. The cause was submitted to a jury, who found a general verdict for the plaintiff, and six and one-fourth cents in damages. Judgment was rendered on the verdict, " that the plaintiff recover the land sued for," and that he be quieted in the possession thereof, and recover six and one-fourth cents damages, and costs. The defendant appealed.

*Dunbar*, for the plaintiff, explained the case, and insisted the verdict and judgment must stand, and that the plaintiff shall be put in possession of the contested premises.

2. The evidence shows, that the plaintiff was in possession, more than a year preceding the disturbance, and that the defendant pulled down his fences, and took forcible possession of the disputed premises.

*Barry*, for the defendant, contended, that the judgment in the case was entirely indefinite, and decided nothing between the parties. The case must therefore be remanded for a new trial.

2. On the merits of the case, the defendant is entitled to judgment, quieting him in the possession of the land, as he claims it.

WESTERN DIST. *Boyce,* on the same side, went into an argument, to show
October, 1834. the true nature of possessory actions, and the principles upon
WILLIAMS which they rest. In this case he insisted, the judgment was
*vs.* so vague and uncertain, that it would be impossible for the
KELSO. sheriff to execute it, by putting the party in possession.

2. The officer could not execute a writ of possession,
without becoming the arbiter between the parties, which
would lead to new disturbances, and end in additional
law-suits.

3. The pleadings are so loose and vague, and the evidence,
as taken down by the clerk, so confused and uncertain, as to
afford no guide for the execution of the judgment.

4. In our system of jurisprudence, as well as by the
common law, when the pleadings are loose and indefinite,
so much so as to leave the matter in contest uncertain, the
verdict and judgment cannot stand. *Bacon's Ab. verbo
verdict.*

*Thomas and Winn,* for the plaintiff, in conclusion.

*Bullard J.,* delivered the opinion of the court.

This is a possessory action, in which judgment being ren-
dered on a verdict against the defendant, he appealed. The
appellant relies, principally for a reversal of the judgment, on
the ground, that both the petition and judgment are so vague
and uncertain, that no writ of possession can be issued and
enforced, without leaving to the clerk and the sheriff, a
discretion not given them by law.

The petition sets forth that the plaintiff has been in quiet
possession as owner, for more than one year, of a tract of
land, containing *about* four hundred and thirty-five arpents,
having a front of about ten arpents on the Bayou Robert,
it being the same formerly owned by Job Ruth. He states,
that his possession of *a part* of the premises, within his
clearing and actual cultivation, has been recently invaded by
the defendant. He prays that he may be restored to his posses-
sion of so much of said premises as were in his possession, and
has been forcibly taken by the defendant. The verdict was

a general one in favor of the plaintiff, and assessed his dama- <span>WESTERN DIST.</span>
ges at six and a fourth cents; and the judgment pronounced <span>October, 1834.</span>
thereon, was, "that the plaintiff have judgment against the <span>WILLIAMS</span>
defendant, for the possession of the land sued for, and that <span>vs.</span>
he be restored to, and quieted in the possession thereof." <span>KELSO.</span>

The contest appears to have related to a very small part of <span>The writ of execution must pursue the judgment; but if the judgment be in itself vague and uncertain, it may be rendered certain by reference to the pleadings. When a writ of possession is directed to a sheriff, a copy of the judgment and copy of the petition to which it refers must accompany the writ, in order that the officer may not be mistaken in the premises of which he is to give possession.</span>
the land possessed by the plaintiff, so trifling indeed in extent,
that without being cumulated with a demand for damages, it
could hardly form the object of an appeal to this court.

The general rule, that the writ of execution must pursue
the judgment, will not be disputed. If the judgment be in
itself, vague and uncertain, it may be rendered certain, by
reference to the pleadings. 3 *Martin, N. S. 7.* In a case
like this, the Code of Practice provides, articles 630 and 631,
that the writ of possession shall be directed to the sheriff, with
a copy of the judgment, and even a copy of the petition to
which it refers, to the end that the sheriff may not be mis-
taken concerning the nature of the estate and appurtenances,
of which he is to give possession. The law, therefore,
requires, at least a reasonable certainty, and never intended
that the rights of parties after a judgment pronounced, should <span>So in a possessory action, when the premises in contest are so vaguely described in the pleadings that they cannot be designated with any certainty, and the verdict and judgment are general that "the plaintiff recover possession of *the land sued for,*" they will be set aside as being too vague, and the cause remanded for a new trial.</span>
depend, at least, upon the discretion of the sheriff. Sup-
pose in this case, the writ to issue, with a copy of the petition
and a copy of the judgment. The sheriff, it appears to us
would be greatly at a loss how to proceed. He would be
compelled to apply for information to some body. Is he to
summon witnesses, or address himself to the parties? In
either case, the cause is to be tried over again by the officer
sent to execute the judgment of the court.

To this, it is answered, that the defendant ought to have
excepted to the petition, as too vague and uncertain, and that
he is precluded by the judgment, and that he has no right to
complain that the judgment cannot be executed for uncer-
tainty. That he might have declined answering to the
merits, until the cause of action was more explicitly set forth,
may be true, but it does not, in our opinion, follow, that, when
that uncertainty is not cured, either by the verdict or the
judgment, he is bound to submit without objection. Parties

52

WESTERN DIST.
October, 1834.

have a right to require their rights to be adjudicated upon in such a manner, as that the judgment rendered, may be a bar to a future action for the same thing, and, as will not necessarily expose them to the exercise of an arbitrary discretion on the part of the officer charged with execution.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court, be annulled and reversed, the verdict set aside, and the cause remanded for a new trial, and that the appellee pay the costs of the appeal.