## No. 6696.

STATE EX REL. WILLIAM HENRY. VS. THE MAYOR AND ADMINISTRATORS OF THE CITY OF NEW ORLEANS.

An act of the Legislature proposing an amendment to the constitution has, before it has been ratified by a vote of the qualified voters of the State, no effect whatever.

The amendment of the State constitution, adopted by the popular vote in November 1874, which forbids any increase of the debt of the city of New Orleans after the first of January 1875, did not design to prevent the payment of any pre-existing legal debt of the city, in the way stipulated in the contract creating the debt.

No State has the power, either by legislative enactment, or by amendments of her constitution, to impair the obligation of pre-existing, valid contracts.

When a municipal corporation has legally contracted for certain work to be done, and to be paid for in a certain specified way, the corporation may, on the completion of the work, be compelled by mandamus, to carry out the stipulations as to payment contained in the contract.

APPEAL from the Third District Court of the parish of Orleans. Monroe, J.

S. P. Blanc, for plaintiff and appellee.

B. F. Jonas, City Attorney, for defendant.

The opinion of the court was delivered by

MARR, J. On the twenty-third April, 1874, the city of New Orleans, by

authority of an act, No. 48, approved thirteenth March, 1871, and of certain city ordinances, entered into a contract with relator, William Henry, for the grading and shelling of a part of Henry Clay Avenue.

By the terms of this contract a part of the price was to be paid by the city, and a part by the owners of the property fronting on the avenue. The portion exigible of the city to be paid in street improvement bonds, and the portion exigible of the front proprietors to be paid in assessment bonds, having ten years to run, and bearing interest at seven and three-tenths per cent per annum: " with the distinct understanding that these bonds shall be taken and accepted by said Henry at the rate of seventy-five cents on the dollar."

Henry completed the work, according to his contract, and to the satisfaction of the city authorities; and the entire contract price seems to have been paid except the sum of $943 03, due by two front proprietors for their proportion, for work completed and accepted by the city on the twenty-sixth May, 1874. The object of this proceeding is to compel the Mayor and Administrators by mandamus " to proceed by ordinance or other appropriate action, to assess and levy against the property aforesaid, and the owner and owners thereof, according to the provisions of the act No. 48, of 1871, a sum sufficient to meet and cover the bonds to be issued to relator, and to issue " Street Assessment Bonds," in amount sufficient to pay him at the rate of one dollar in bonds for every seventy-five cents of his claim and certificates," in accordance with the act No. 48, of the Legislature, and the contract between relator and the city.

The Mayor and Administrators answer that since the date of the contract the constitutional amendment embraced in act No. 22, of 1874, has been adopted, which prohibits the city of New Orleans and its officers, from issuing any evidence of indebtedness or warrant for the payment of money except against cash actually in the treasury ; and that, therefore, respondents have no authority and are expressly forbidden to issue bonds as asked for by relator.

They state, further, that at the time of making the contract with relator, he was well aware of the adoption of the act No. 22, of 1874, by the Legislature, and knew that it would, if ratified by the vote of the people, prohibit the Council from issuing the bonds described in the contract.

The judgment of the court below granted the mandamus as prayed for, and the Mayor and Administrators appealed.

We attach no importance to the statement that relator was aware of the proposed amendment to the constitution at the time the contract was entered into ; because the other contracting party had the same information on that subject, and neither could have known that it would

be adopted. They attached no importance to it, because there is no provision in the contract by which the relator could compel payment otherwise than by the assesment bonds: and it is to be presumed that neither party understood that an amendment to the constitution could retroact so as to destroy contracts entered into and fully executed by one of them at the time of its ratification.

The simple question is, does this amendment, which was ratified at the election in November, 1874, relieve the city of its obligation to comply with the contract in question, by issuing to relator the bonds which he bound himself to receive for his work.

The object of this amendment is manifest: "The city of New Orleans shall not hereafter increase her debt, in any manner or form, or under any pretext." To enforce this, "After the first day of January, 1875, no evidence of indebtedness or warrant for the payment of money shall be issued by any officer of said city, except against cash actually in the treasury; but this shall not be so construed as to prevent a renewal of matured bonds at par, or the issue of new bonds in exchange for other bonds, provided the city debt be not thereby increased," etc.

Now, it is evident that this article intends to prevent the increase, only, of the city debt; and that it does not contemplate nor prohibit the payment by the city of its then existing debt. We do not think that the assessment bonds in question can be considered as either evidences of indebtedness or warrants for payment of money, within the true intendment and meaning of this article; but we shall not enter into any further discussion of this question, because we do not deem it necessary for the decision of this case.

The constitution of the United States, the supreme law of the land, article one, section ten, clause one, declares that, "no State shall pass any law impairing the obligation of contracts." This prohibition is addressed to States; and it is applicable to the States, whether exercising, through their Legislatures, ordinary law-making power, or, by conventions or other delegated authority, or in their aggregate capacity, adopting or amending their organic laws. Obviously, the prohibition would be ineffectual if it were restricted to laws passed by the State Legislatures. Reason and authority require that it shall extend to, and strike with nullity every law, whether legislative or organic, by which the obligation of pre-existing contracts is impaired. In Cummings vs. Missouri, 4 Wallace, 277, a clause in the constitution of the State of Missouri, which was in violation of that part of article one, section ten, clause one, of the constitution of the United States, which provides that no State shall pass any *ex post facto* law, was held, by the Supreme Court of the United States to be inoperative and void.

If, as we think, the correct interpretation of the amendment to the

constitution of Louisiana was not intended to prevent the payment, by the city, of its pre-existing debts, in the manner stipulated and fixed in solemn contracts, the relator is entitled to the remedy and relief which he seeks. If, as the city authorities interpret this amendment, it prohibits a compliance by them with its pre-existing obligations and contracts, the effect in this case would be, not merely to impair the obligation of the contract, but to destroy it, and to leave the relator without remedy, without the means of enforcing payment for work performed by him, in strict accordance with his part of the contract, completed before this amendment was ratified. There can be no doubt that thus interpreted, this amendment would be in flagrant violation of the constitution of the United States, article one, section ten, clause one, and to that extent would be inoperative and void.

It is clearly the duty of the Mayor and Administrators to pay the relator for his work, in the manner and on the terms stipulated in the contract under which the work was done; and the district judge so decided, in an elaborate and exhaustive opinion.

The judgment appealed from is therefore affirmed with costs.