Bank vs. Webre et al.

No. 10,970.

CITIZENS BANK OF LOUISIANA VS. MARIE J. WEBRE ET AL. AND
MARIE J. WEBRE VS. A. L. BOURGEOIS, SHERIFF, ET AL.

1. The defendants in execution, who have retained the free use of the property
seized, have not sustained any injury, and are not entitled to an injunction.

2. The order of seizure and sale in so far as relates to the surplus of the purchase
price reads:
"And the balance, if any, of the price of adjudication cash, thus complying with
the article which provides that the purchaser shall apply the surplus of the
price, if there be any, to paying the special mortgage existing on the property
to that of the seizing creditor.
The advertisement, issued in compliance with the order, does not read so as to
preclude the purchaser from thus retaining the price, and when construed with
reference to the order of seizure and sale is plain.

3. A purchaser of property, subject to a mortgage containing the pact *de non
alienando*, stands with regard to the mortgage, in so far as relates to the accept-
ance of the mortgage, in the position of the mortgagor, and can make no objec-
tion to the seizure and sale on the ground of its non-acceptance, which the
mortgagor could not make. The form of acceptance is not sacramental. Its
conditions concerned the plaintiff, and were intended for its protection.
A cancellation of mortgage entered many years since.
An act consenting to a partition and setting forth plaintiff's right on the property
and the present are acts of acceptance. It is no longer possible to sustain the
proposition that the mortgage is invalid, as not having been accepted.
The defendants are owners of the property burdened with plaintiff's mortgage.
They were duly notified. The judgment appealed from is affirmed.

APPEAL from the Twenty-second District Court for the Parish of
St. James. *Duffel, J.*

*St. M. Berault, E. N. Pugh* and *Henry C. Miller* for Citizens Bank,
Plaintiff and Appellee.

*Robt. J Dugué, contra:*

Injunction lies to arrest a sale of real property under executory process when there
is no seizure. C. P. 298, Nos. 7, 10.

When there is a junior mortgage, the sheriff can not exact from the purchaser the
surplus of the purchase price over the amount due the seizing creditor. The
purchaser is entitled to retain it. C. P. 706; 31 An. 86; 38 An. 259; 39 An. 785; 18
An. 65, 537.

When an act of mortgage stipulates in substance that the mortgage is given to
secure a subscription to bank stock, but that the mortgagor shall not be a stock-
holder, and shall not be entitled to the stock until the mortgage shall be ac-
cepted by authentic acts, and until this authentic act shall be recorded and
other conditions complied with, the mortgage does not attach to the property
until the happening of the conditions.

Bank vs. Webre et al.

Third persons acquiring property apparently subject to a mortgage, which they have not assumed, may resist its enforcement. They may use all defences that are not personal to the mortgagor, who can not deprive them of these by waiver or otherwise. 33 An. 708; 24 An. 28.

Injunction lies to arrest an order of seizure and sale issued on acts which do not import a confession of judgment.

When the matter in dispute is the validity *vel non* of a mortgage of over $5000, this court has jurisdiction.

_____

The opinion of the court was delivered by

BREAUX, J.  Plaintiff obtained an order of seizure and sale of a ·certain plantation in the parish of St. James, to pay an alleged stock debt of $708, claimed as due by the succession of Benjamin S. Webre, Marie Webre, widow of E. A. Webre, and Anna Webre, wife of E. ·Guidry, and as secured by mortgage on the property.

The defendants enjoined the sale of the property.

They aver that one undivided half of the property belongs to the succession of B. S. Webre, and one quarter each to the other defendants, who have accepted the succession of B. S. Webre with the benefit of inventory; that the sheriff did not seize the property; that there is a junior mortgage on the property; that the sheriff ·can not exact from the purchaser the surplus of the purchase price over the amount due the seizing creditor; that it must remain in the hands of the purchaser.

That the mortgage sued upon was never accepted or recorded; that it stipulates that the mortgage is executed to secure subscription to bank stock, and that the mortgagor shall not be a stockholder until the mortgage shall have been accepted by authentic ·act, and until it shall have been recorded.

That as the mortgage has not been accepted, it did not attach to the property.

That they are third persons and can resist its enforcement.

A motion to dismiss the appeal was filed, on the ground that the amount involved is less than $2000.

The plaintiffs in injunction, allege the nullity of the mortgage ·claimed by the bank, amounting to· more than $5000, and ask for its nullity.  The matter in dispute is the nullity or validity of this mortgage for an amount larger than the minimum limit of the court's jurisdiction.

The suit was brought to enforce calls for payment on stock.  The

plaintiffs in injunction ask that the mortgage by which they are secured be declared null.

*With reference to the allegation that the property was not seized.* The notices of seizure were given in accordance with the order of seizure and sale.

The defendants in the seizure, who are in the corporeal possession of the property, have no ground of complaint, if the sheriff did not divest them of that possession while the property was under seizure.

If that officer chose to allow them that possession, they can not, by proving that fact, defeat the seizure, which he returned as having been made.

For the purpose of the seizure, he holds for plaintiff's benefit.

The party allowed to remain in the enjoyment of actual possession can not maintain that it is an act which authorizes an injunction, under Art. 998 C. P.

The testimony offered by the defendant to prove incorrectness of the return and insufficiency of possession was properly excluded by the court *a qua.* Lambeth vs. Sentell et al., 38 An. 695; Gusman et al. vs. DePoret et al., 33 An. 337; Devalle vs. Hayes, Sheriff, 23 An. 550; Calderwood vs. Prevost, 9 R. 182.

*Relative to the surplus of the purchase price over the amount due the seizing creditor.* The terms stated in the petition and the order are that the purchaser shall pay the amount claimed as due cash and assume the residue of the stock mortgage debt, not yet due, and the balance, if any, of the price of adjudication, cash.

There is a mortgage inferior in rank to that of the seizing creditor.

It is argued, substantially, that the sheriff is without authority to require from the purchaser a larger amount than that of the writ, in his hands, and that this officer is the legal agent of the seizing creditor, and is not concerned with the rights of the mortgage creditors, subsequent in rank, to the extent of requiring cash for their payment.

The article referred to, 707 C. P., is clear: "The purchaser shall apply the surplus of the price, if there be any, to paying the special mortgage existing on the property subsequent to that of the seizing creditor."

The order of seizure and sale complies with the provision of the law.

The adjudication shall be for cash.

Bank vs. Webre et al.

This does not preclude the purchaser from retaining the surplus of the purchase price, if any there be, to pay the mortgage second in rank.

The advertisement is not as plain in this respect as the order of seizure and sale; hastily reading, it may be concluded that the cash refers to a price to be paid, instead of an adjudication for cash of a surplus which may be retained by the purchaser to pay the second mortgage. When considered with reference to the order, the terms are plain.

*The acceptance of the mortgage and its record.* The act of mortgage contains the declaration that in order to guarantee her subscription the mortgagor mortgages her property. It containsthe stipulation that the mortgagor immediately after the acceptance of the mortgage by authentic act by the president of the bank, and the procuration of a certificate of inscriptions from the parish judge, and of non–alienation of the property, and establishing in addition that no new mortgage or privilege had been recorded, the mortgagor was to be a stockholder for 828 shares in the capital stock.

The mortgage, in compliance with the charter, was to be executed in the parish in which the property was situated.

The bank reserved the right to accept the mortgage.

The form of acceptance declared in the act as a protection to the mortgagee, upon whom devolved the duty of determining as to the value of the title and value of the property offered as security, was not exclusive of every other mode of acceptance. It was not essential to accept precisely as prescribed in the act.

Other modes of accepting may prove equally as effective and binding.

On the 3d day of September, 1881, the number of shares secured by mortgage having been reduced from 828 to 237, the bank, by notarial act, acknowledged the reduction and consented to a partition, it the bank alleges.

The declarations contained in this act have the effect of an acceptance. The allegation of plaintiff is that the shares had been issued and were in the possession and control of the bank.

On the 12th of August, 1842, the parish judge made mention of partial release on the margin of the record in his office of the act of

22

mortgage, and noted thereon a partial cancellation and statement of the balance due.

The partial release mentioned that it was founded on an authentic act, before Boudousquie, notary.

Art. 3385 of the Civil Code provides for noting releases and cancellations on the margin of the record. The reduction and cancellation are confirmed by the act of September, 1881, before mentioned, also by this suit.

Their correctness was unquestioned during many years.

The mortgagor would have no right to object to its non-acceptance. The defendants are not in a better position, for the act contains the pact *de non alienando*. Barrow vs. The Bank of Louisiana, 2 An. 453.

It is urged by the defendants that the marginal note was not offered in evidence.

It is copied in the transcript as marginal note of the record, and the clerk certifies to the correctness of the entry. We therefore consider it evidence.

These declarations in the act of 1881, and the cancellation, are an acceptance of the mortgage.

The bank alleges that the defendants became the owners of a portion of the plantation mortgaged and of fifty shares of the stock.

In the *ex parte* act purporting to accept a partition the bank declares that by an act passed under private signature, and dated the 17th of January, 1871, a partition in kind had been effected among the owners, and that in this partition the defendants became the owners of the said shares and responsible for the mortgage.

The act of partition of January 17, 1871, was not introduced in evidence. Being the independent declaration of the creditor, it can not bind the defendnnts to the extent of authorizing executory proceedings.

The order of seizure and sale is not grounded upon the act of 1881.

This last act limits plaintiff's recourse to those of the heirs who are made defendants and its mortgage to that portion of the property in the possession of the defendants, and has no other effect.

Plaintiff declares upon the act of April, 1835, and avers that the portion of the property owned by the defendants is mortgaged to secure the amount claimed.

Copy of this act annexed to the petition and certificate showing that it has been recorded are in evidence.

The right of the bank under that act is complete.

One of the defendants was an heir of the mortgagor; if there had been non-inscription as to him the administrator of his succession could not raise the question.

The act was inscribed, and binds the property in the possession of the defendants.

The pact *de non alienando* is secured to plaintiff by its charter.

The defendants were the parties to be notified, and were properly notified. Gillaspie vs. Citizens Bank of Louisiana, 30 An. 1321.

It is admitted that the defendants are the owners of the property.

It is subject to plaintiff's mortgage.

Judgment affirmed at appellant's cost.