(72 South. 284)

No. 20988.

LOUISIANA LAND & IMMIGRATION CO. et al. v. MURFF et al.

(April 24, 1916. On Suggestion of Want of Jurisdiction and On the Merits, June 5, 1916. Rehearing Denied June 30, 1916.)

*(Syllabus by the Court.)*

On Motion to Dismiss Appeal.

1. APPEAL AND ERROR ☞805—DISMISSAL—ABANDONMENT OF APPEAL.

When the plaintiff in an injunction suit, arresting a seizure and sale in executory proceedings against him, has obtained an order and furnished bond for a suspensive appeal from the judgment dissolving the writ of injunction, and his appeal bond is held invalid by the trial judge, and he thereafter obtains and perfects a devolutive appeal, it cannot be said that he abandoned his devolutive appeal by acquiescing in the judgment, by appearing at the sale made in the executory proceedings, or by offering to repurchase the property from the person to whom it was adjudicated; because it was then beyond his power to prevent the sale, and a protest would have availed him nothing.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3174, 3175; Dec. Dig. ☞805.]

On Suggestion of Want of Jurisdiction.

2. COURTS ☞224(10)—APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.

Where the defendant in seizure and sale, or vendee of the mortgaged property, obtains an injunction, whether properly or improperly, against the execution of the writ, issued to enforce payment of a claim exceeding $2,000, an

appeal lies to this court from the judgment dissolving the injunction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 617; Dec. Dig. ☞224(10).]

### On the Merits.

3. MORTGAGES ☞515 — FORECLOSURE — SEIZURE AND SALE—TERMS OF SALE.

A special mortgagee, whose claim is payable in installments, may, on nonpayment of any installment, have the property sold to pay the whole debt, in cash for so much as is due and for the balance, on terms of credit corresponding with the unmatured installments; and in such case, if he be the holder of all the unmatured obligations, he may, under the usual stipulations concerning attorneys' fees, have the sale made for cash quoad such fees predicated upon the unmatured as well as the matured obligations. Cases may also be readily imagined in which such fees would be thus collectible, though the unmatured obligations should be held by persons other than the seizing creditor.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 1517; Dec. Dig. ☞515.]

4. MORTGAGES ☞499—FORECLOSURE—ORDER FOR EXECUTORY PROCESS—CONSTRUCTION.

An order for executory process and the writ and advertisement predicated thereon should be interpreted with reference to the pleadings and the contract sought to be enforced; and, in case of doubt, preference should be given to that construction which is in consonance with the law as applied to the facts disclosed.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. §§ 1478–1485; Dec. Dig. ☞499.]

Appeal from Second Judicial District Court, Parish of Bossier; J. N. Sandlin, Judge.

Action by the Louisiana Land & Immigration Company and others against N. B. Murff and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

Clifton F. Davis, of Shreveport, for appellants. Murff & Roberts, of Shreveport, for appellees.

### On Motion to Dismiss Appeal.

O'NIELL, J. [1] On the 30th of November, 1912, N. B. Murff, the defendant and appellee, sold a certain tract of land to W. A. Jones, one of the plaintiffs. The price was $17,008, of which $6,590.59 was paid in cash and the balance was represented by the purchaser's three promissory notes for $3,472.47 each, bearing interest at 7 per cent. from their date, and payable in one, two, and three years. Payment of the notes was secured by a mortgage and vendor's lien reserved in the act of sale, which imported confession of judgment, authorized executory proceedings, and contained a waiver of the benefit of appraisement, and provided for the penalty of having to pay 10 per cent. atttorney's fees in case of suit.

W. A. Jones sold an undivided eighth interest in the land to each of the three plaintiffs, J. W. Clark, C. F. Petty, and J. E. Reynolds, an undivided fourth interest to each of the two plaintiffs, J. L. Baker, and the Louisiana Land & Immigration Co., an undivided sixteenth interest to the plaintiff, E. H. Lacy, and an undivided sixteenth interest to one C. A. Carpenter, whose interest was later purchased by the plaintiff, E. H. Lacy. The land was sold subject to the mortgage and lien securing the notes of N. B. Murff.

The note due on the 30th of November, 1913, was not paid at maturity, but it appears that $329.21 was paid on account on the 20th of January, 1914. In August of that year, N. B. Murff proceeded via executiva against the original purchaser, W. A. Jones, and had the land seized and advertised to be sold by the sheriff on the 10th of October, 1914. The writ of seizure and sale directed the sheriff to sell the property "for cash without the benefit of appraisement," and, after describing the land, directed that the sale be made on these terms:

"For cash to satisfy the note due November 30, 1913, with 7 per cent. interest from November 30, 1912, less the credit of $329.21 of date January 20, 1914, and on terms of credit to meet the other notes and interest as they would fall due, as shown and described in plaintiff's petition, with recognition of petitioner's vendor's lien and privilege, and all costs of suit, including 10 per cent. on said sum and interest, as attorney's fees."

The same terms were announced in the advertisement of the sale.

On the morning of the 10th of October, 1914, the present plaintiffs, appellants, W. A. Jones, J. W. Clark, J. L. Baker, C. F. Petty, J. E. Reynolds, the Louisiana Land & Immigration Co., and E. H. Lacy, filed their petition and obtained a writ of injunction preventing the sale, because of the apparent confusion and irregularities in the writ of seizure and sale and in the publication of the notice of sale. The sum and substance of the complaints set forth in the petition were (1) that the writ of seizure and sale directed the sheriff to collect, and he was proceeding to collect, 10 per cent. attorneys' fees on the three notes, although only one note was due; (2) that the writ and the sheriff's advertisement called for payment of the entire debt of $10,417.41, and the interest and attorneys' fees thereon, in cash, although only a third of that amount was due, and that the effect of the error in the advertisement would deter bidding at the sale; (3) that the writ of seizure and sale was ambiguous and unintelligible because, after directing that the sale should be made for cash, it directed the sheriff to collect only one note, less $329.21, and to allow terms of credit corresponding with the two notes not due; and (4) that the writ was illegal because it referred the sheriff to the petition to determine the terms of the sale, although he had no authority in law to construe or interpret the petition.

The defendant, N. B. Murff, filed a motion to dissolve the writ of injunction, on the grounds: (1) That the bond was not legal, and (2) that the allegations of the petition for injunction, together with the executory proceedings made part thereof, did not disclose a cause for the issuance of the writ. The defendant also prayed for $500 damages for attorneys' fees for the dissolution of the writ.

Judgment was rendered, dissolving the writ of injunction and condemning the plaintiffs and the surety on the injunction bond, in solido, to pay $100 damages to the defendant, N. B. Murff.

The judgment against the surety on the injunction bond appears to be null, because he was not a party to the injunction suit, arresting the execution of the writ of seizure and sale in the executory proceedings. It is only in cases where the execution of a writ of fi. fa. on a judgment obtained in ordinary proceedings is enjoined that the surety on the injunction bond is considered a party to the suit, and may be condemned to pay damages in the judgment dissolving the writ of injunction. See Jourdan v. Garland, 105 La. 487, 29 South. 912; Viguerie v. Viguerie, 133 La. 414, 63 South. 89; Whitney-Central National Bank et al. v. Sinnott et al., 136 La. 111, 66 South. 551; construing article 304 of the Code of Practice and article 375, as amended by Act No. 50 of 1886.

The plaintiffs obtained an order for a suspensive and devolutive appeal from the judgment dissolving their writ of injunction, and furnished an appeal bond with the same surety who had signed the injunction bond and had been condemned, with the plaintiffs, in solido, to pay damages. On motion of defendant's counsel, the district judge dismissed the appeal on the ground that the appeal bond was not legal. The time allowed by law for perfecting the suspensive appeal having expired then, the plaintiffs furnished a devolutive appeal bond, signed by another person than the one who had signed the injunction bond, and the first appeal bond, as surety.

The record does not inform us of the reason or reasons for which the district judge held that the first appeal bond was not legal.

The defendant, N. B. Murff, filed a motion in this court to dismiss the appeal on the ground that the appellants had acquiesced in the judgment. In support of his motion, the defendant, appellee, made the following al-

legations under oath, viz.: That, as the first appeal bond was held by the district judge to be illegal and the second appeal bond was filed too late to suspend execution of the judgment dissolving the injunction, the property was readvertised for sale to satisfy the notes with interest, attorneys' fees, and costs, according to the original order of seizure and sale; that the appellants thereupon proposed to pay $2,000 and to make another substantial payment in 90 days, if the appellee would withhold the sale; that the proposition was accepted and the sum of $2,000 was paid; that, after the expiration of 90 days, the appellants having failed to make another payment as promised, the property was again advertised for sale to satisfy the balance due on the notes, with interest, attorneys' fees, and costs; that W. A. Jones, one of the appellants, representing all of them, was present on the day of sale, and, without any protest or objection to the sale, expressed to the attorney for the appellee a desire to repurchase the property if the appellee should buy it; that Mr. Jones was informed that the attorney had no authority to accept the proposition and was referred to the appellee; that, after the property was adjudicated to the appellee at the sheriff's sale, the appellants, J. L. Baker, J. E. Reynolds, E. L. Lacy, C. F. Petty, W. A. Jones, individually and as representative of the Louisiana Land & Immigration Co., and J. W. Clark, proposed to repurchase it on terms stated by them; that the proposition was accepted by the appellee, but was not complied with by the appellants; and that thereafter E. H. Lacy, one of the appellants, purchased an undivided half interest in the property from the appellee, and, being a co-owner, desired to abandon the appeal. The appellee asks, in the alternative, that the case be remanded to the district court to afford him an opportunity to prove the allegations of his motion to dismiss the appeal.

The appellants have appeared through the counsel who represented them in the district court, and deny that they have acquiesced in the judgment or abandoned their appeal. The allegations of fact contained in the motion to dismiss the appeal do not appear elsewhere in the record. Hence we cannot dismiss the appeal, but may only remand the case to permit proof of the allegations of the motion, if the facts alleged would amount to an acquiescence in the judgment.

Article 567 of the Code of Practice, on which the appellee relies, provides that a party against whom a judgment has been rendered cannot appeal if he has acquiesced by executing it voluntarily.

What the appellee alleges was executed is not the judgment appealed from, but the order of seizure and sale in the executory proceedings, which, he alleges, was executed, not at the instance of the appellants, but at his own instance. The appellee, therefore, does not contend that the appellants have executed the judgment appealed from. He does not maintain that they have acquiesced in his execution of the judgment appealed from; for he does not suggest that they had any remedy to prevent the execution of the writ of seizure and sale, if, as he contends, the first appeal bond was not valid.

In Yale v. Howard, 24 La. Ann. 459, it was said: "A devolutive appeal implies the right to have the judgment executed and the obligation to refund." In that case, where a devolutive appeal was taken from a judgment ordering the delivery of a certain quantity of cotton, or the payment of a certain sum of money as its value, and execution issued thereon, it was held that the delivery of the cotton to the sheriff by the defendant was not a voluntary execution of the judgment, and did not prevent his prosecution of the appeal thereafter.

In Johnson v. Clark & Meader, 29 La. Ann. 762, it was held that the dismissal of a sus-

pensive appeal for want of a legal bond did not prevent the appellant's perfecting a devolutive appeal within the time allowed by law; and that the payment of the full amount of the judgment to the sheriff, under his threat to seize the defendant's property, was not an acquiescence in the execution of the judgment. This decision was quoted and affirmed in Verges v. Sheriff et al., 33 La. Ann. 410.

In State ex rel. Hoey & O'Connor v. Brown, Administrator, 29 La. Ann. 864, it was held that the defendant's submitting to the sheriff's execution of a judgment, after the defendant's suspensive appeal had been dismissed for want of a suspensive appeal bond, was not an acquiescence in the execution and did not prevent the defendant's prosecuting a devolutive appeal.

In Jackson v. Michie, 33 La. Ann. 723, the appellee moved to dismiss the appeal, on the ground, among others, that the appellant had obtained two orders of appeal and had treated the first appeal as null because the return day did not allow sufficient time for service of the notice of appeal. Overruling the motion to dismiss the second appeal, it was said:

"To take away the right of appeal, there must be an unconditional, voluntary, and absolute acquiescence in the judgment rendered on the part of the appellant."

All of the decisions quoted above were cited with approval in the case of Factors' & Traders' Insurance Co. v. New Harbor Protection Co. et al., 37 La. Ann. 234, where the appellee moved to dismiss the devolutive appeal on the ground that the appellants had attended the sale under execution of the judgment appealed from, and had bid on the property that was seized and sold. It was said that, as the time allowed for taking a suspensive appeal had expired, and the defendants could not prevent the execution of the judgment, it was not necessary, for the preservation of their right to prosecute a devolutive appeal, that they should make a vain and profitless opposition to the sale of their property; and

that, as the validity of the sheriff's sale, made pending a devolutive appeal, could not be affected by the judgment of the appellate court, the defendant did not lose his right to prosecute the devolutive appeal by taking such steps as he deemed proper to prevent a sacrifice of his property, and that, to that end, he might appoint appraisers and bid at the sale, without acquiescing in the execution of the judgment or forfeiting his right of appeal.

All of the decisions quoted above were cited with approval in Colvin v. Woodward, 40 La. Ann. 627, 4 South. 564; Drew v. His Creditors, 49 La. Ann. 1646, 22 South. 956; Hinrichs v. City of New Orleans, 50 La. Ann. 1218, 24 South. 224; and Succession of Weber, 110 La. 676, 34 South. 731.

The appellee's counsel refers us to the decisions in Prentice v. Chewning, 6 Rob. 163; White v. Ramsey, 14 La. Ann. 329; Stinson v. O'Neal, 32 La. Ann. 947; and President and Board of Wardens v. Rev. Perche, Bishop, et al., 40 La. Ann. 201, 3 South. 542. But these decisions, in our opinion, do not sustain his contention. In Prentice v. Chewning, for example, the appeal was dismissed because the defendant had entered into an agreement of compromise with the plaintiff, whereby the defendant had consented to and signed the sheriff's deed, under a written agreement with the purchaser, giving the defendant a right of redemption, which he afterwards sold to a third party for $4,000. The appeal in White v. Ramsey, was dismissed because the plaintiff acknowledged, in his motion to dismiss the appeal, that the judgment in his favor had been paid in full by the defendant, appellant, and there was nothing in dispute. In so far as the doctrine of that case conflicts with the decisions in Yale v. Howard, 24 La. Ann. 459, and Johnson v. Clark & Meader, 29 La. Ann. 762, we must follow the later decisions. Stinson v. O'Neal was an action of nullity of a tax sale and for the

rental value of the property. The defendant acknowledged the nullity of the sale, but claimed compensation for improvements he had made and for taxes he had paid on the property. Judgment was rendered annulling the sale, condemning the defendant to pay an amount less than the plaintiff had claimed as the rental value of the property, and allowing the defendant credit for a still less sum for the improvements he had made, and the taxes he had paid, on the property. The plaintiff executed the judgment by collecting the rent, and his appeal was consequently dismissed on the ground that he had acquiesced in the judgment. That decision has no application to a motion to dismiss the defendant's devolutive appeal on the ground that the judgment was executed by the plaintiff pending the appeal. In the next and last case cited by the appellee, President and Board of Wardens v. Bishop Perche, the appeal was dismissed because the dispute was settled by a written agreement of compromise between the parties.

The allegations of the motion to dismiss the appeal, if they be true, are matters to be considered hereafter, in the event the judgment appealed from should be reversed; but they do not constitute an acquiescence in the judgment. If it be true that the appellant, E. H. Lacy, has purchased an interest in the property from the appellee and does not desire to prosecute the appeal, he may have it dismissed as far as he is concerned, without requiring that the case be remanded. If the judgment appealed from should be reversed as to him, and if it be true that he has purchased an interest in the property from the appellee, that is a matter to be considered hereafter in determining the effect of the final judgment of this court, if the judgment appealed from should be reversed.

The appellee's motion to have the appeal dismissed or the case remanded is denied.

### On Suggestion of Want of Jurisdiction.

MONROE, C. J. [2] After the motion to dismiss, on the ground of acquiescence, was overruled, defendant in injunction filed another motion and supplemental brief, suggesting that this court is without jurisdiction of the appeal, for this, to wit (quoting from the brief):

"In plaintiff's petition, while they say that they will be damaged, they do not say in what way, or how much. They do allege that all the attorney's fees claimed are not due, but even if this were true, the whole amount of attorney's fees is far below the jurisdiction of the court. They do not deny the debt, but deny the attorney's fees. They nowhere say wherein, or in what sum, they will, or may be, damaged. They make no money demand of the plaintiff, and there is nothing in the pleadings to justify the court in taking jurisdiction ex proprio motu."

The petition for injunction attacks the validity of the order of seizure and sale and of the proceedings thereunder upon grounds which include, and go beyond, the question of the attorney's fees; the injunction, whether properly or improperly, restrained the execution of a writ issued to enforce payment of a claim exceeding $10,000; it is only by virtue of the appeal that the order for the injunction can be reviewed either in whole or in part; and the question presented by the appeal is whether, under the judgment appealed from, the defendant in injunction is entitled to enforce payment of the amount claimed by him, or any part thereof, and that amount is well within the jurisdiction of this court.

### On the Merits.

The writ of seizure and sale was issued after the maturity and nonpayment of the first of the three notes given for the balance of the price of the property, and before the maturity of the second of said notes; and the proceedings under said writ were enjoined after the delay of 90 days, granted by plaintiff in said writ, had expired and the vendees of the property had defaulted on

their agreement to make a further substantial payment (in addition to the $2,000, cash, paid for such delay) within, or at the expiration of, that period. The cause of action, alleged by plaintiffs in injunction, is, in substance: (1) That the writ, as issued, is ambiguous and unintelligible, in that it fails to inform the sheriff of the amounts that he must make in cash and on credit; (2) that the sheriff is proceeding to advertise and sell the property for cash, for the payment, in full, of the unpaid balance of the price, with interest, attorneys' fees, and costs, whereas, only one-third of said balance is due.

The writ in question reads in part:

"You are hereby commanded, * * * by the seizure and sale, for cash, without benefit of appraisement, and according to law, of the following described property * * *; and you cause to be made the sum of $10,417.41, with interest at the rate of 7 per cent. per annum, payable annually, as follows: For cash, to pay and satisfy the note due November 30, 1913, with 7 per cent. interest from November 30, 1914, and on terms of credit to meet the other notes and interest as they fall due, as shown and described in plaintiff's petition, with recognition of petitioner's vendor's lien and privilege and all costs of suit, including 10 per cent. on said sum and interest as attorneys' fees."

The advertisement reads:

"Terms of sale: For cash, without benefit of appraisement, to pay and satisfy the sum of $10,417.41, with 7 per cent. interest thereon, payable annually, as follows: For cash to pay and satisfy note due November 30, 1912, less the credit of $392.21, of date January 20, 1914, and on terms· of credit to meet the other notes and interest as they fall due, as shown by and described in plaintiff's petition; with recognition of petitioner's vendor's lien and privilege and all costs of suit, including 10 per cent. on said sums and interest, as attorneys' fees."

It is not unlikely that a master grammarian might be able to express with greater exactness the idea intended to be conveyed by the order and advertisement thus quoted, but, considered with reference to the law by which they are authorized and the jurisprudence on the subject, we find in them no ambiguity worth mentioning.

The Code of Practice declares that:

"Art. 686. When a seizing creditor has a privilege or special mortgage on the property seized, for a debt of which all the installments are not yet due, he may demand that the property be sold for the whole of the debt, provided it be on such terms of credit as are granted to the debtor by the original contract for the payment of such installments as are not due."

[3] The only part of the debt here in question with respect to which the terms of credit, granted by the original contract, had not expired when the writ was issued, was that represented by the two notes which had not then matured, and, with reference to them, the same terms were granted by the order and advertisement; all else, including costs and attorney's fees, became due ·upon the maturity of the first installment of the debt, and the order and advertisement are readily susceptible of the construction that they were intended to conform to the law and to the contract, made part of the petition and sought to be enforced. The law is to be found in the article of the Code of Practice above quoted; and has been applied by this court as written. 1 Hen. Dig. p. 627 (d) (2), No. ·2, and cases there cited; Penouith v. Abraham, 44 La. Ann. 188, 10 South. 676; Grunewald v. Commercial Manufactory, Ltd., 49 La. Ann. 489, 21 South. 646. The contract, annexed to, and made part of, the petition, declares that:

"In the event of suit for collection of said notes, said purchaser shall pay all costs of same, including 10 per cent. attorneys' fees on amount sued for."

Plaintiff in executory process, being the holder of all the notes, matured and unmatured, and having sued on all of them, and the stipulation concerning the "costs, including 10 per cent. attorneys' fees," containing no provision for terms of credit, he was entitled to sell the property for cash for the satisfaction of that portion of the debt as well as for the satisfaction of the portion represented by the matured note. In the Grunewald Case (supra) it was said:

"When mortgage notes, secured by the same mortgage, are held by different parties, the suit on one or more does not authorize the imposition of the per centum of the attorney's fees on the whole amount of the debt, but only on the amount sued on by plaintiff. If it were otherwise, the 5 per cent. might be claimed in every suit brought by different holders; but in this case, notwithstanding the imperfect record brought up by the appellant, it is apparent that plaintiff held all the bonds and coupons representing the entire debt, $10,000, and under the stipulations of the act he brings the suit to sell the property for the whole debt. We think, therefore, the 5 per cent. fee can be claimed on the full amount of the mortgage debt."

We quote the above as sustaining the view that, in any event, where the holder of a matured note, being one of a series secured by the same mortgage and of which he is also the holder, forecloses, he may recover the percentage, stipulated as attorneys' fees, upon the whole debt, including the unmatured notes of the series, but we do not commit ourselves to the doctrine that he may not so recover, even though the unmatured notes be held by other persons, since we can readily imagine that the sale of the property for the whole debt might relieve such other persons of the necessity of employing an attorney, in which event they would not be entitled to recover attorneys' fees. Succession of Foster, 51 La. Ann. 1671, 26 South. 568; A. Abraham & Son v. N. O. Brewing Association, 110 La. 1019, 35 South. 268.

[4] "It is familiar doctrine that judgments are interpreted by the pleadings and by the subject-matter of the suit. It is equally well settled that the whole context of the judgment should be considered, and, in cases of doubt, preference should be given to that construction which is more consonant with a proper decree on the facts and law of the case." Sharp v. Zeller, 114 La. 552, 38 South. 449 (citing Ingram v. Richardson, 2 La. Ann. 839); Trepagnier v. Williams, 4 La. 100.

See, also, Bank v. Webre et al., 44 La. Ann. 337, 10 South. 728; Williams v. Kelso, 7 La. 406; Succession of Bright, 38 La. Ann. 142.

The judgment appealed from is therefore affirmed.

O'NIELL, J., concurs in the decree.