

# THE ATTORNEY GENERAL
# OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

June 27, 1949

Hon. Durwood Manford, Speaker
The House of Representatives
Austin, Texas

Opinion No. V-850

Re: Amendment to Joint Resolutions
Proposing Constitutional Amend-
ments.

Dear Mr. Speaker:

Your request for an opinion states the problem involved:

"The Legislature has heretofore passed and the
Governor has signed several joint resolutions pro-
posing constitutional amendments to be submitted
to the people. The date in each resolution provided
for an election to be held on September 24, 1949.

"It now appears that other amendments now pend-
ing in the Legislature may be submitted to the
people. If they are submitted, the elections
thereon would have to be held some time after Sep-
tember 24, 1949 because of the constitutional require-
ment that each amendment be published three months
before the election thereon.

"To hold two separate elections would cause ad-
ditional expense to the state. The Senate has
passed S.C.R. 74, a copy of which is attached,
which provides that 'all proposals to amend the
constitution . . . . heretofore submitted by the
Regular Session of the 51st Legislature, shall be
voted on . . . . on the second Tuesday in Novem-
ber instead of the dates named in the proposals
. . . . . .'

"I would appreciate your advice as to whether
the end desired in S.C.R. 74 may constitutionally
be accomplished by the method used. If it may not,
how may such be constitutionally done?"

Art. XVII of the Texas Constitution is the only provision in that instrument concerning the method of amendment. In part it reads:

"Section 1.  The Legislature, at any biennial session, by a vote of two-thirds of all the members elected to each House, to be entered by yeas and nays on the journals, may propose amendments to the Constitution to be voted upon by the qualified electors for members of the Legislature, which proposed amendments shall be duly published once a week for four weeks, commencing at least three months before an election, the time of which shall be specified by the Legislature.  . . . "

By this Article the Legislature is given the power to propose amendments to the Constitution and to specify the date upon which the proposal shall be voted upon by the people. The mandatory formalities with which the Legislature must comply in the exercise of this broad power are that:

(1)  two-thirds of all members elected
     must vote for the proposal, and

(2)  the vote must be entered by yeas
     and nays on the journals.

The Legislature is at liberty to choose any method it desires for proposing constitutional amendments so long as none of the provisions of Article XVII are violated.[1]  The House of Representatives has chosen the vehicle of the joint resolution to accomplish the constitutional mandate.[2]  The Senate rules do not specifically provide that constitutional amendments must be proposed by joint resolution but has used this method for its past proposals.[3]  In compliance with this provision the 51st Legislature has passed several joint resolutions proposing amendments to the Constitution and in each

---

[1]  Art. III, Sec. 11, Texas Constitution.

[2]  Texas Legislative Manual.  Rule 17, Rules of the House.

[3]  Texas Legislative Manual.  Rule 45, Rules  of  the Senate.

of these September 24, 1949 has been specified as the date for an election at which the people may vote on the proposals.

The effect of what you state the Legislature desires to accomplish is to amend each joint resolution previously passed and sent to the Secretary of State, so as to provide for an election on November 8, 1949 instead of the date originally specified. Prior to ratification by the people, a legislative resolution to amend the constitution amounts to no more than the required legislative proposal and a directive to the Secretary of State to publish the proposal and that an election is to be held on a certain date.[4] Consequently while the Legislature remains in session it has the power to reconsider the action taken in passing the joint resolution and amend its previous proposal.[5] The effect of the amendment is to substitute the proposal as amended for that originally passed.

Thus, in determining the procedure for amending a previous joint resolution proposing an amendment, just as in the case of passage of the joint resolution in the first instance, the provisions of Article XVII must be considered. There is no need for looking elsewhere because the Legislature is not exercising its ordinary legislative function when proposing constitutional amendments, and the provisions applicable to ordinary legislative enactments are inapplicable.[6]

The principle is well stated in Dodd, The Revision and Amendment of State Constitutions (1910) as follows:

"With reference to restrictions in the constitution itself, it may be said that the legislature as a body for the proposal of amendments is bound only by the rules specifically laid down in the article of the constitution which regulates the amending process -- that is, it is not bound by the

---

4    State v. New Orleans, 29 La. Ann. 863;  16 C. J. S., Constitutional Law, Sec. 9.

5    Doody v. State, 233 Ala. 287, 171 So. 504 (1936); Clements v. Powell, 155 Ga. 278, 116 S. E. 624 (1924); Jenkins v. Entzminger, 102 Fla. 167, 135 So. 785 (1931); Crawford v. Gilchrist, 64 Fla. 41, 59 So. 963 (1912).

6    Collier v. Gray, 116 Fla. 845, 157 So. 40 (1934); Johnson v. Craft, 205 Ala. 386, 87 So. 375, Opinion of Attorney General, No. 1705 (February 13, 1917).

requirements that its action as a regular legislative
body be submitted to the governor nor by the numer-
ous restrictions usually imposed as to the procedure
on regular legislative bills. . . . . ."

The legislative power under Article XVII extends to
setting the election date as well as to proposing the amend-
ment. However, since by the constitution the proposal and
the date are included in the one grant of power and are both
parts of the amending process, both must be accomplished by a
two-thirds vote. The constitutional grant is that "the Leg-
islature . . . may propose amendments . . . which . . . shall
be duly published . . . before an election, the time of which
shall be specified by the Legislature." This contemplates
that the date of the election shall be specified in the in-
strument which contains the proposed amendment. The amendment
to a joint resolution proposing a constitutional amendment
even of the date specified for the election must then be of
equal dignity with the original proposal. It must be proposed
at "any biennial session, by a vote of two-thirds of all the
members elected to each House," and be "entered by yeas and
nays on the journal." This is true no matter what title is
given to that which is used to accomplish the legislative
purpose.

Under the rules of procedure adopted by the legislature,
the constitutional mandate may be followed only by a joint
resolution and not by a concurrent resolution since amendments
may be proposed only by joint resolutions.7 Hence in order to
change the date of the election provided for in the proposals
passed by the Legislature a joint resolution to this effect
should be passed in the same manner as was done when the pro-
posals were originally made.

If the amending joint resolution contains a single sub-
ject and purpose, such as postponing the dates of the elections
on all proposals heretofore made by the 51st Legislature for
amendment of the Constitution in order to furnish additional
time for public notice and consideration, we see no reason why
all of such proposals may not be amended by a single new joint
resolution adopted by a two-thirds vote of each House.

In order to be proper, the amending resolution and each
original proposal together must provide an absolutely certain

---

7    Notes 2 and 3, supra.

date upon which the election must be held.[8]  It would be advisable to provide in such joint resolution that it specifically amends each previous proposal by mentioning therein the number and title of each one.  This would not conflict in any way with the constitutional prohibitions applicable to ordinary legislation.[9]

With regard to publication Article XVII provides that the "proposed amendments shall be duly published once a week for four weeks, commencing at least three months before an election. . . in one weekly newspaper of each county, in which such a newspaper may be published. . ."  (Emphasis added). It has been called to our attention that such publication of the amendments previously proposed has been commenced. Should the election date be changed from September 24, 1949 to November 8, 1949 it would follow that the publication already made would not be applicable to the election to be held on November 8, 1949.

Although it has been held in a suit brought after the election on a proposed constitutional amendment that substantial compliance with the constitutional requirement of publication is sufficient,[10] prior to the election every possible effort should be made to comply, and a stricter attitute will be taken by the courts.[11]  The publication which has been had thus far states that the election is to be held on September 24, 1949.  Should this be changed, in the light of the strict construction rule which applies prior to adoption, provision should be made for a republication of those proposed amendments already published.

---

8  Cartledge v. Wortham, 105 Tex. 585, 153 S. W. 297 (1913).

9  Note 6, supra.

10  Whiteside v. Brown, 214 S. W. 2d 844 (Tex. Civ. App. 1948, error dismissed W.O.J.)

11  McCreary v. Speer, 156 Ky. 783, 162 S.W. 99 (1914); Arnett v. Sullivan, 279 Ky. 720, 132 S.W. 2d 76 (1939); Mayer v. Adams, 182 Ga. 524, 186 S.E. 2d 420 (1936).

## SUMMARY

Joint resolutions proposing constitutional amendments may be amended to change the dates set for elections thereon by a joint resolution, so long as the provisions of Article XVII of the Texas Constitution regarding the number of votes and entry upon the journal are complied with. In the light of the rules and practice of the Legislature, this may not be accomplished by a concurrent resolution.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/E. Jacobson
Assistant

s/Bruce Allen
Bruce Allen
Assistant

EJ/BA/lg/wc

APPROVED
S/Price Daniel
ATTORNEY GENERAL