LELAND & Co. and JOHN SIMMONS & Co. *v.* A. ROSE.

*Under proceedings had for a forced surrender, in which there was no prayer for imprisonment, the jury found a verdict of guilty, but the court refused to sentence the defendant to imprisonment. Held: that the Court did not err; the prayer for general relief, while it entitles the party to all the ordinary decrees or orders which the pleadings may justify, will not authorize the imprisonment of a debtor under a highly penal statute.*

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*Smiley & Perrin,* for plaintiffs and appellants. *T. G. Semmes* and *Schmidt,* for defendants.

LEA, J., (MERRICK, C. J., absent.) This case is presented on an appeal from the refusal of the District Judge to pass sentence of imprisonment upon the defendant, who was found guilty of fraud by a verdict of a Jury, under proceedings had for a forced surrender. The District Judge refused to pass sentence upon the defendant for the reason (with others) that the plaintiffs had in no part of their pleadings asked for the extraordinary remedy of imprisonment against their debtor, and that the defence could not have been conducted with reference to such a demand.

We think this view of the case is correct. It was not the duty of the Judge to enforce the penalty of the law in a case where the penalty was not invoked. The case is not analogous to that of a public prosecution by indictment or information. The plaintiffs are seeking to enforce their private rights in a civil proceeding, and they ask in their petition that the defendant, in default of the payment of their judgments, be compelled to make a surrender of his property to his creditors.

Upon the filing of the defendant's schedule under the orders of the court, they filed charges of fraud, and close their opposition, asking that the prayer of the defendant for exemption under the insolvent laws be rejected. It is true there is also a prayer for general relief, and in such cases we hold that the party making it are entitled to any and all ordinary decrees or orders which the pleadings and evidence under the pleadings may justify; but this relief does not extend to the extraordinary remedy of the imprisonment of a debtor under a highly penal statute. The presumption is, when a party fails to invoke such a remedy, that he waives it, and the defence is conducted accordingly.

It is ordered that the judgment be affirmed, with costs.