## No. 12,378.

Louis Grunewald vs. Commercial Soap, Starch and Candle Manufactory, Limited.

| 49 | 489 |
|---|---|
| 50 | 1292 |
| 49 | 489 |
| 113 | 359 |

The blank in the authentic act in which the amount of the debt is repeated will not vitiate the act, there being the explicit statement of the debt in the previous part of the act with the usual confession of judgment.

When the plaintiff is the holder of all the obligations, matured and unmatured, of the mortgage debt, and under the stipulations in the act sues for the entire debt, the five per cent. attorney's fees stipulated in the act, may be included in the writ as part of the costs to be paid from the proceeds of the mortgaged property.

Insurance premiums may also be included in the order, when the amount is not in excess of the amount allowed in the act.

APPEAL from the Civil District Court for the Parish of Orleans. Ellis, J.

*Dinkelspiel & Hart* for Plaintiff, Appellee.

*W. S. Benedict* for Defendant, Appellant.

Argued and submitted March 3, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

Miller, J. This is an appeal from an order of seizure and sale.

The writ issued on a petition claiming that the property be sold to pay the attorney's fees on the full amount of the mortgage bonds, ten thousand dollars and interest, five per cent. attorney's fees

on the full amount of the debt and interest due being stipulated in the act, two hundred dollars for insurance premiums, and the amount of the past due coupons three hundred dollars, the purchaser to assume up to the amount of his bid, the bonds not due secured by the mortgage.

The errors assigned by the defendants are that the petition, bonds and coupons do not authorize the order; that the order for the payment of five per cent. attorney's fees on the full amount of the bonds, ten thousand dollars past due coupons and interest, is not authorized by the authentic act, and that the order for payment of two hundred dollars, part reimbursement of premiums, is not supported by authentic evidence.

When mortgage notes, secured by the same mortgage, are held by different parties, the suit on one or more does not authorize the imposition of the *per centum* of the attorney's fees on the whole amount of the debt, but only on the amount sued on by plaintiff. If it were otherwise the five per cent. might be claimed in every suit brought by different holders; but in this case, notwithstanding the imperfect record brought up by the appellant, it is apparent the plaintiff held all the bonds and coupons representing the entire debt, ten thousand dollars, and under the stipulations of the act he brings the suit to sell the property for the whole debt. We think, therefore, the five per cent. fee can be claimed on the full amount of the mortgage debt.

In respect to the insurance premiums, the act stipulates their payment up to two hundred dollars for payment out of the proceeds of mortgaged property. With that stipulation, the writ (not in the record however, but we presume followed the order), properly directed the payment of two hundred dollars for insurance premiums.

We are of opinion that the assignments of error to which our attention have been directed in the argument furnish no basis for us to set aside the order of the lower court.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.