(110 So. 86)

No. 26020.

**JOHN BONURA & CO., Inc., v. UNITED FRUIT CO.**

(Oct. 5, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Pleading** ⬳312—Bill of lading attached to petition giving carrier power as agent for shipper to employ lightermen without responsibility to shipper held to control allegation in petition that lightermen were agents of defendant carrier.

In action by shipper of goods for damages from negligent handling at port of consignment, bill of lading attached to petition, giving carrier power as agent for shipper to employ lightermen without responsibility to shipper, *held* to control allegation in petition that lightermen were agents of defendant carrier.

2. **Pleading** ⬳312.

Where allegations of petition conflict with documents attached to it, statements in documents control and correct allegations in petition.

3. **Shipping** ⬳126.

Carrier authorized by bill of lading to employ lightermen for shipper's account, in absence of showing of failure to exercise due diligence in appointing them, is not liable for their negligence.

4. **Shipping** ⬳132(2)—Under petition not alleging that defendant carrier did not exercise proper diligence in choice of lightermen, and showing that damage to goods occurred after delivery to lighters, exception of no cause of action was properly sustained.

Where bill of lading authorized carrier, as shipper's agent, to employ lightermen without responsibility to shipper, and petition did not allege that defendant carrier failed to exercise proper diligence in choice of lightermen, and showed that damage to goods occurred after delivery to lighters, sustaining exception of no cause of action was proper.

5. **Shipping** ⬳141(1).

Stipulation in bill of lading, that delivery may be made from ship side on lighters employed by carrier for account of shipper, is not unreasonable.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by John Bonura & Co., Inc., against the United Fruit Company. From a judgment sustaining an exception of no cause of action, plaintiff appeals. Affirmed.

Charles Rosen and Louis L. Rosen, both of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

OVERTON, J. [1, 2] This suit comes before us on an appeal from a judgment sustaining an exception of no cause of action. It appears from the allegations of the petition that on August 27, 1920, plaintiff shipped by the steamship General Currie 500 barrels of potatoes and 1,000 crates of onions from New Orleans to Santiago de Cuba, consigned to its own order, notify Juan & McCormack.

It also appears from the allegations of the petition that, when the ship arrived at Santiago, defendant employed Abascol & Sobrinos, who, it is alleged, were defendant's agents, to receive the potatoes and onions from the ship and take them to the wharf, in lighters, for delivery to plaintiff; that, while such delivery should have been effected, at the outside, within 5 or 6 days, yet that defendant's alleged agents, Abascol & Sobrinos, negligently and without reason or cause permitted the potatoes and onions to remain exposed to weather conditions in the harbor on lighters for many days, and refused to unload them, though they were often requested to do so, and even disregarded an order of the administrator of the custom house, at Santiago, to effect a discharge of the shipment. It also appears from the petition that Abascol & Sobrinos did not begin to unload the potatoes and onions from the lighters until September 25, 1920, and did not complete the unloading until 2 days later, and then discharged the shipment, to plaintiff's injury, at an extremity of the harbor, not customarily used for discharging shipments, and inconveniently located for that purpose as relates to the consignee. It also appears from the petition that the shipment was worth $7,500, but that, due to the damage caused to it by the negligence of defendant's alleged agents, Abascol & Sobrinos, plaintiff has salvaged, by a sale of the shipment, only $2,468.64, thereby sustaining a loss of $5,031.36, for which judgment is demanded against defendant.

Plaintiff has attached to its petition, or, to be more precise, to a copy of one of its amended petitions, a copy of the bill of lading under which the shipment was made. The bill of lading, so attached, contains, among other provisions, the following:

"The vessel may commence discharging upon arrival immediately she is ready, without notice, at any hour of day or night, and discharge with or without intermission, at wharf, in stream, or elsewhere, at carrier's convenience, any custom of the port to the contrary notwithstanding (except that in the United States ports delivery need be taken only during working hours), and the collector of the port is hereby authorized to grant an order for the discharge of the cargo immediately after entry of the vessel. Whether the vessel be discharged at wharf or in stream or elsewhere, the goods may, without notice, be in whole or part discharged over side into lighters or other craft or be otherwise discharged at risk and expense of shipper, consignee and/or assigns from the time the goods leave the vessel's tackles, the carrier being hereby authorized as agent for shipper, consignee, and/or assigns, to employ or appoint lightermen, contractors, and/or others·therefor, without responsibility of the carrier for the character or condition of any craft, for account of shipper, consignee, and/or assigns, notwithstanding the latter are at hand with their own craft, or ready to take delivery otherwise. Delivery of the goods shall be received without notice from the vessel's tackles, package by package, as the goods come to hand in unloading, or as soon as available if discharged on carrier's wharf, all charges and expenses in connection with the goods from the time the same leave the vessel's tackles to be borne by shipper, consignee, and/or assigns and constitute a lien on the goods. * * * "

Defendant filed an exception of no cause of action to this demand. One of the grounds of the exception is that, while plaintiff alleges that Abascol & Sobrinos were defendant's agents, yet that the foregoing excerpt from the bill of lading, attached to and forming part of the petition, shows that the contrary was the case, and that they were, in fact, the agents of plaintiff whom defendant was authorized to employ, as plaintiff's subagents, to receive the goods for plaintiff from the ship and carry them in lighters, and that, as the bill of lading, which forms part of the petition, so shows, it controls and overcomes the allegation as to agency. It is also contended, in connection with this ground, that the allegation as to agency sets forth merely a conclusion of law.

There is no specific provision in the bill of lading providing that Abascol & Sobrinos, or

any other designated firm or person, should be employed as agent for plaintiff to receive the shipment from defendant and carry it to the wharf. However, the bill provides that the, goods may be discharged over the side of the ship into lighters, and that, to accomplish this, authority is conferred upon defendant to employ lightermen for the account of plaintiff. The lightermen employed by defendant to receive the goods and take them to the wharf became, under the bill of lading, which was the contract between the parties, the agents of plaintiff. It is not to be presumed or considered, in the absence of specific allegations accounting for such action, that defendant with authority to discharge the shipment in the harbor on lighters, and to employ lightermen for plaintiff's account, that is, for the purpose of receiving the goods for plaintiff and taking them to the wharf, would employ lightermen for its own account, in order to make, which it was not called upon to do, delivery at the wharf. Therefore, in our opinion, there is a conflict between the allegation of agency in the petition and the bill of lading attached to the petition, and it is well settled that, where there is a conflict between the allegations of a petition and documents attached to it, the statements in the documents control and correct the allegations in the petition. In fact, the allegation of agency found in the petition is, as contended for by defendant, the allegation of a mere conclusion of law. Our conclusion, therefore, is that the allegations of the petition, taken in connection with the bill of lading, attached to it, show that the lightermen employed by defendant were in fact the agents of plaintiff.

[3, 4] Since defendant was authorized by plaintiff to appoint and employ lightermen to receive delivery of the goods in the harbor for the latter's account and convey them to the wharf, defendant, in the absence of a showing that it failed to exercise proper diligence in appointing such lightermen, is not liable for their negligence. 2 C. J. § 351, p. 690, verbo, "Agency." And, since there is no allegation in the petition to the effect that defendant did not exercise proper diligence in this respect, and since the petition shows that the damage to the goods occurred after they were delivered to the lighters, we think that the exception of no cause of action was properly sustained.

[5] In so concluding, we have not lost sight of plaintiff's contention that the clause in the bill of lading, which we have considered, and which provides in effect that delivery may be made on lighters to be engaged by defendant for plaintiff's account, in so far as it attempts to relieve defendant from liability for negligence of the lighters occurring after delivery, made to them, is contrary to law, as being an attempt on the part of defendant to exempt itself from liability for its own negligence. In other words, the position of plaintiff is that the lighters were the agents of defendant, notwithstanding the provision in the bill of lading showing the contrary to have been the case. We are of the opinion, however, that the clause is not contrary to law. There is nothing unreasonable in the stipulation that delivery may be made from the ship's side, at the port of destination, on lighters employed by the carrier, for account of the shipper, to receive delivery. The clause is one merely defining the point at which, and the manner in which, delivery may be made, and is not an attempt to exempt the carrier from liability for its own negligence, nor, as said, is the provision unreasonable.

The exception presents other grounds for dismissing the suit, but we find it unnecessary to consider them.

For the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs.