(116 So. 189)

No. 28786.

PUGH v. HOUSEMAN ROOFING CO., Inc.

Feb. 13, 1928. Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. Mortgages ⬁401(1)—Special mortgagee having installment claim may, on nonpayment of installment, have property sold to pay whole debt provided credit terms are extended for part not matured (Code Prac. art. 686).

Under Code Prac. art. 686, special mortgagee whose claim is payable in installments may, on nonpayment of any installment, have the mortgaged property sold for the whole debt, including both part matured and part unmatured, provided that, as relates to the unmatured part, the property be sold on terms of credit corresponding with the date of maturity of that part.

2. Abatement and revival ⬁40—Defense of premature suit held waived where filed in answer instead of in limine.

. In suit to foreclose a special mortgage given to secure three promissory notes, before all notes were due, plea of prematurity of suit *held* waived where filed in answer instead of in limine.

3. Mortgages ⬁581(2)—Under obligation allowing attorney's fees in event of suit on default in payment of mortgage installment, fees are collectable on whole amount.

Where one words his obligation so that, in event of suit for collection, attorney's fees shall be allowed on amount sued for, and suit, on maturity of an installment of the obligation is instituted by holder of entire indebtedness to have the property sold for the whole debt, for cash to pay part due and on terms of credit corresponding with dates of maturity of part not due, attorney's fees are due and collectable on whole amount, both that due and that not due.

O'Niell, C. J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; J. H. Stephens, Judge.

Suit by Mrs. Carrie G. Pugh against the Houseman Roofing Company, Inc., in which, on defendant's request, G. A. Houseman was made a party defendant. From the judgment, both defendants appeal. Affirmed.

Harry V. Booth and Hoye Grafton, both of Shreveport, for appellant Houseman.

Joe B. Hamiter, of Shreveport, for appellant Asbestos Roofing Co.

Wilkinson, Lewis & Wilkinson, of Shreveport, amicus curiæ.

Pugh, Grimmet & Boatner and J. N. Marcantel, all of Shreveport, for appellee.

OVERTON, J. Plaintiff brought this suit on March 4, 1927, to foreclose by ordinary process a special mortgage, given to secure three promissory notes, dated January 19, 1926, signed as maker by defendant, payable to defendant's order, indorsed in blank by it, bearing 8 per cent. per annum interest from date, payable annually, containing a clause for the payment of 10 per cent. attorney's fees, and maturing, 1, 2, and 3 years after date. The prayer of the petition is for judgment against defendant for the full amount of the indebtedness, evidenced by the three notes, with interest and attorney's fees, as above stated, for recognition of the mortgage securing the notes, and for the sale of the property secured by the mortgage, at public auction, for cash, to satisfy so much as is due on the notes, and as to the balance, on such terms of credit as correspond with the unmatured part of the indebtedness.

Defendant filed an answer to the suit, in which it averred that its name had been changed to the Asbestos Roofing Company, Inc., and in which it put at issue its liability for attorney's fees on the notes that had not

matured, and also averred, inter alia, that it had sold the property mortgaged to G. A. Houseman, who had assumed the mortgage, and asked that Houseman be called in to defend the suit; that plaintiff's demand be rejected; and that such judgment as might be rendered against it be also rendered against Houseman in its favor. Houseman appeared and filed an answer, in which, among other things, he put at issue his and his vendor's liability for attorney's fees, and also averred that the notes maturing January 19, 1928, and January 19, 1929, had not matured, and asked that plaintiff's demand be dismissed as to those notes.

Judgment was rendered in favor of plaintiff against defendant for $2,000, the amount of the first note, with 8 per cent. per annum interest from January 19, 1926, and also, as the interest is payable annually on all the notes, for 8 per cent. per annum interest on $4,000, the principal of the unmatured notes, from January 19, 1926, to January 19, 1927, and also for 10 per cent. attorney's fees on $6,000, the principal of the three notes, and on the interest thereon, and ordering the property mortgaged sold for cash to satisfy that part of the indebtedness that the judgment recognizes as matured, including 10 per cent. attorney's fees on the entire indebtedness, matured and unmatured, and on terms of credit corresponding with the dates of maturity of the unmatured part of the total indebtedness. There was also judgment against Houseman in favor of defendant for the amount of the moneyed judgment rendered against the latter. Both defendant and Houseman have appealed.

The case, as submitted to this court, presents two questions. One is, Should the plea of prematurity have been sustained, and plaintiff's demand dismissed, in so far as the two notes which had not matured are concerned? and the second is, If the plea of prematurity should not be sustained, whether plaintiff is entitled to judgment for attorney's fees on the indebtedness which had not matured?

[1, 2] The first question is not pressed. It is merely submitted in the closing part of the brief filed by the defense. In fact, there is no merit in it. The trial court, in effect, sustained the plea, in large part, so far as the personal judgment demanded is concerned. So far as relates to the foreclosure on the unmatured part of the indebtedness is concerned, plaintiff has a clear right to have the property sold for the whole of the debt, for the part matured as well as the part unmatured, provided that, as relates to the unmatured part, the property be sold on terms of credit corresponding with the dates of the maturity of that part. C. P. art. 686. Moreover, as the plea of prematurity was filed in the answer instead of in limine, it was waived.

The serious question in the case—the one which we take it has prompted this appeal—is the question relative to attorney's fees on the unmatured part of the indebtedness. Each of the three notes, with reference to attorney's fees, contains after the recital of the amount and the rate of interest to be paid, a clause, as part of the promise to pay, reading as follows:

"And all attorney's fees, incurred in the collection of this note, or any portion thereof, including interest, which fees are hereby fixed at 10 per cent. on the amount to be collected."

The clause in the mortgage, securing the three notes, with reference to attorney's fees, is somewhat different from the clause, touching such fees, contained in each of the three notes, and reads as follows:

"In the event of suit for collection of said note(s) [meaning the three notes described above] said purchaser [the defendant herein] shall pay all costs of same, including 10 per cent. attorney's fees on amount sued for."

Interpreting the two clauses together, which were signed at the same time, we un-

derstand them to bind the maker and mortgagor to pay 10 per cent. attorney's fees on the amount sued for, in the event of suit for collection. Here all the notes, secured by the mortgage, are owned by plaintiff, and she sues agreeably to article 686 of the Code of Practice to have the property sold for the whole debt, for cash for the amount due, and on terms of credit as to the unmatured part.

The question presented is not one of first impression in this court. In Grunewald v. Commercial Soap, Starch & Candle Manufactory, 49 La. Ann. 489, 21 So. 646, the suit was one to foreclose a mortgage, securing bonds due and not due. The mortgage contained a provision for the payment of 5 per cent. attorney's fees on the full amount of the debt. The court there said:

"When mortgage notes secured by the same mortgage are held by different parties, the suit on one or more does not authorize the imposition of the per centum of the attorney's fees on the whole amount of the debt, but only on the amount sued on by plaintiff. If it were otherwise, the 5 per cent. might be claimed in every suit brought by different holders. But in this case, notwithstanding the imperfect record brought up by the appellant, it is apparent the plaintiff held all the bonds and coupons representing the entire debt, $10,000; and, under the stipulations of the act, he brings the suit to sell the property for the whole debt. We think, therefore, the 5 per cent. fee can be claimed on the full amount of the mortgage debt."

In Hardy v. Pecot, 113 La. 350, 352, 353, 359, 36 So. 992, 995, it appears that John N. Pharr was the owner of certain notes, due and not due, secured by special mortgage, in which provision, not stated in the opinion, was made for the payment of attorney's fees. Pharr obtained an order for the foreclosure of the mortgage, and the property mortgaged was advertised for sale, and sold, for sufficient cash to satisfy the matured notes and the attorney's fees on the notes, due and not due, and on terms of credit as to the principal and interest on the unmatured notes. The

right of Pharr to the attorney's fees on the notes which had not matured was challenged by the plaintiff in the case. The court, in passing upon the issue raised, said:

"As relates to the fee of attorney—another question before us for decision—we are not inclined, in deciding this cause, to hold that defendant has gone beyond the bounds heretofore laid down in deducting 5 per cent. for attorney's fee, calculated on notes matured and not matured. Grunewald v. Company, 49 La. Ann. 489, 21 So. 646.

"Defendant, doubtless relying on that decision, allowed the fee. It has been paid to the attorneys in the cause. It would be a hardship, in so far as defendant is concerned, to now order a change.

"The question of fee of attorney on the line mentioned should remain [as to claims of anterior date to this decision] as laid down in the cited decision. All parties are now sufficiently notified that the question of commission or fee on notes not matured may be reconsidered hereafter, and with that notice similar claims in the future will not necessarily be protected by a decision of this court. We express no opinion. We only state that it will be reconsidered when presented in a proper case arising on claims of date after the present decision."

In Louisiana Land & Immigration Co. v. Murff, 139 La. 808, 820, 72 So. 284, 288, the suit involved the foreclosure of a mortgage, given to secure three notes, one of which was due at the time of the litigation, and the remaining two not due. The property was ordered to be sold for the whole debt, for cash, to satisfy the matured note and the attorney's fees on the matured and unmatured notes. The right to collect attorney's fees on the unmatured notes was put at issue. The obligation to pay them, contained in the contract, is the identical one contained in the mortgage in this case, and reads as follows:

"In the event of suit for collection of said notes, said purchaser shall pay all costs of same, including 10 per cent. attorney's fees on amount sued for."

In passing upon the question as to the right of the holder of the mortgage to attorney's fees, the court, without mentioning the case

of Hardy v. Pecot, supra, after commenting upon the right of the plaintiff in the foreclosure suit to proceed as he had, continued its remarks by saying:

"Plaintiff in executory process, being the holder of all the notes, matured and unmatured, and having sued on all of them, and the stipulation concerning the 'costs, including 10 per cent. attorney's fees,' containing no provision for terms of credit, he was entitled to sell the property for cash for the satisfaction of that portion of the debt as well as for the satisfaction of the portion represented by the matured note. In the Grunewald Case, supra, it was said:

" 'When mortgage notes, secured by the same mortgage, are held by different parties, the suit on one or more does not authorize the imposition of the per centum of the attorney's fees on the whole amount of the debt, but only on the amount sued on by plaintiff. If it were otherwise, the 5 per cent. might be claimed in every suit brought by different holders; but in this case, notwithstanding the imperfect record brought up by the appellant, it is apparent that plaintiff held all the bonds and coupons representing the entire debt, $10,000, and under the stipulations of the act he brings the suit to sell the property for the whole debt. We think, therefore, the 5 per cent. fee can be claimed on the full amount of the mortgage debt.'

"We quote the above as sustaining the view that, in any event, where the holder of a matured note, being one of a series secured by the same mortgage and of which he is also the holder, forecloses, he may recover the percentage, stipulated as attorney's fees, upon the whole debt, including the unmatured notes of the series, but we do not commit ourselves to the doctrine that he may not so recover, even though the unmatured notes be held by other persons, since we can readily imagine that the sale of the property for the whole debt might relieve such other persons of the necessity of employing an attorney, in which event they would not be entitled to recover attorney's fees. Succession of Foster, 51 La. Ann. 1671, 26 So. 568; A. Abraham & Son v. N. O. Brewing Association, 110 La. 1019, 35 So. 268."

It should be observed that the stipulation as to attorney's fees in the contract in the Louisiana Land & Immigration Company Case, just quoted from, is identical with the stipulation as to such fees, contained in the act of mortgage in this case. In fact, the stip-

ulation in the act of mortgage herein to all appearances is a copy of the stipulation in the Louisiana Land & Immigration Company Case. In both cases it was demanded that the property be, and it was ordered, sold for the whole debt, the matured and the unmatured parts, agreeably to article 686 of the Code of Practice, authorizing such procedure. To hold in this instance that attorney's fees are not due on the unmatured part of the indebtedness would require the overruling of the Louisiana Land & Immigration Company Case. That case involves the interpretation of contractual rights, and it is not unreasonable to presume that plaintiff in this case as well as others have acted upon its authority. Moreover, that case is supported by, and partly based upon the Grunewald Case, cited supra, which it would also be necessary to overrule. It would be improper, indeed, to overrule these cases after the ruling made in Hardy v. Pecot and after the notice of intention to re-examine was given therein, when one of these cases, the Louisiana Land & Immigration Company Case, arose some years after the opinion in Hardy v. Pecot was handed down, and adhered in the main to the ruling in the Grunewald Case. It would be necessary to overrule Hardy v. Pecot also. The people of the state are entitled to a reasonably stable jurisprudence, especially in regard to their property and contractual rights.

[3] In addition to the foregoing, the rule applied in the Grunewald and the Louisiana Land & Immigration Company Cases, and enforced in Hardy v. Pecot is not unreasonable. One may, of course, so word his obligation as not to be liable for attorney's fees at all, or, in the event of suit to foreclose a mortgage or enforce a privilege, to be liable for them only on the matured part of the obligation, but where one words his obligation so that, in the event of suit for collection, attorney's fees shall be allowed on the amount sued for, and suit, upon the maturity of an installment

of the obligation, is instituted by the holder of the entire indebtedness to have the property sold for the whole debt, for cash, to pay the part due, and on terms of credit corresponding with the dates of maturity of the part not due, the attorney's fees are due and collectable on the whole amount, that due and that not due. In such an instance, it must be considered that the condition contemplated by the obligation to pay the fees has happened, and that they became due and collectable without a prior putting in default.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., dissents.