ROGERS, J.
 

 The plaintiff, Alliance Trust Company, Limited, is a mortgage creditor of the defendants in the sum of $10,000, with interest thereon. Alleging that two of the mortgage notes of $2,000 each and one coupon interest note of $560 were past due and also an additional indebtedness of $223.64 for insurance premiums paid, plaintiff proceeded by ordinary process to have its mortgage recognized and made executory to the extent of $4,783.-64, with interest and attorney’s fees on .the entire indebtedness of $10,783.64. Defendants answered admitting the allegations of the petition, except as to the correctness of the demand for $600 as attorney’s fees on the unmatured notes. ¡
 

 The district court rendered judgment as-prayed for. However, in preparing the judgment, plaintiff’s counsel erroneously designated the amount thereof as $10,783.64 instead of $4,783.64, and also failed to provide for the sale of the property without the benefit of appraisement. These errors were not discovered until after the judgment had been signed and a writ of fieri facias had been issued thereon. After certain proceedings had been instituted by plaintiff in the district court to correct the judgment, which were unsuccessful, defendant appealed, and plaintiff answered the appeal.
 

 Defendants are prosecuting the appeal to have the judgment amended in two particulars, namely, to have the amount thereof reduced from $10,783.64 to $4,783.64 and to eliminate therefrom $600 allowed as attorney’s fees on the unmatured mortgage notes.
 

 Plaintiff, in its answer to the appeal, admits the judgment should be amended by reducing the amount thereof from $10,783.64 to $4,783.64. But plaintiff also alleges the judgment should be amended so as to authorize the sale of the mortgaged property without the benefit of an appraisement, and to award an additional amount of $960 represented by three certain interest coupons.
 

 Since the parties .litigant are in agreement that the judgment appealed from was erron
 
 *359
 
 eoitsly rendered for $10,783.64 instead of $4,-783.64, it must be reduced accordingly.
 

 We think the judgment must also be amended by disallowing $600 awarded therein as attorney’s fees on the three unmatured notes of $2,000 each. The contract between the parties as reflected in the mortgage notes and the act of mortgage provides for an additional charge of 10 per cent, as attorney’s fees only if the notes are placed in the hands of an attorney for collection. The three notes of $2,000 each- on which plaintiff claims an attorney’s fee of $600 had not matured when this suit was filed and were not placed in the hands of an attorney for collection. In this respect the notes and act of mortgage differ from the notes and act of mortgage declared on' and enforced in Pugh v. Houseman Roofing Co., Inc., 165 La. 795, 116 So. 189. There the mortgagor’s obligation under the contract, in the event of suit for collection, wau to pay 10 per cent, attorney’s fees on the amount sued for. The suit, itself,, was for the collection of the full amount outstanding under the mortgage, a portion of which was due and. a portion of which was not due.
 

 Our conclusion is, also, that the judgment should be amended so as to order the mortgaged property sold without appraisement as stipulated in the contract. It is true, plaintiff has not in express terms allegéd and asked for this benefit. But a certified copy of the act of mortgage containing the stipulation is annexed. to and made part of plaintiff’s petition. And the prayer of the petition is that the mortgage be made executory and enforced against the property, for all necessary' orders and decrees and for general relief.
 

 -The document annexed to the petition controls the allegations of the petition founded thereon. The petition with the attached act of mortgage leaves no room for doubt as-to what relief plaintiff is seeking or is entitled to. Such being the case, the deficiency of the express prayer is supplied by its general averments which are «ample warrant for the court to order the mortgaged property sold without the benefit of an appraisement.
 

 Plaintiff, in its answer to the appeal, prays for an additional judgment upon three coupon notes for $450, $320, and $160, respectively. No such notes are described in the act of mortgage, and plaintiff is evidently referring to three coupon notes for $420, $280, and $140, respectively. But these notes are not mentioned either in plaintiff's petition or in the prayer thereon. In point of fact, none of these notes was due at the time the suit was filed and the judgment rendered. And only one of the notes has become due since that time. Plaintiff is not entitled to any amendment of the judgment in this respect.. The purchaser of the property herein will be accorded the same terms of payment as the mortgagors are entitled to under Code Prac. art. 686 as prayed for in plaintiff’s petition. This privilege necessarily includes the same terms of payment upon the coupon notes as it does upon the principal notes.
 

 For the reasons assigned, the judgment appealed from is amended by reducing the principal amount thereof from $10,783.64 to $4,-7S3.64 and by annulling and striking therefrom the award of $600 as attorney’s fees upon the three unmatured notes of $2,000 each. The said judgment is also amended by ordering that the mortgaged property be sold without the benefit of appraisement as stipulated in- the act of mortgage. As thus amended, the judgment appealed from is affirmed ; plaintiff and appellee to pay the costs of the appeal.