## LYONS PLANNING MILLS v. GUILLOT et al.

### No. 1125.

Court of Appeal of Louisiana. First Circuit.
March 7, 1933.

Ped C. Kay, of De Ridder, for appellant.

C. H. Love, of Lake Charles, for appellees.

MOUTON, Judge.

Suit was brought by plaintiff against Polien Guillot, Lee German, and Mrs. D. Conner, now Mrs. Winfred Morris.

A judgment was confirmed on default against these three parties.

Mrs. Winfred Morris has taken an appeal claiming that the judgment is null because there was no preliminary default taken and for the reason that there is no prayer in the petition of plaintiff for a judgment against her as a defendant.

Article 310, Code Prac., says, if the defendant fails to appear within the legal delay, plaintiff may take a judgment against him by default.

Article 311, Code Prac., reads as follows: *"Entry of Default.* Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear."

Article 312, Code Prac., declares, if defendant fails to appear, after this first judgment has been rendered, plaintiff can get a confirmation of default.

In this case the minutes of the court say: Court met at Lake Charles, La., June 11, 1932, Judge Jerry Cline presiding. Then follows the title of this case, with the following entry opposite: "Preliminary default." On June 17, 1932, another entry says, referring to this case: "Called on confirmation of default. Evidence closed and submitted."

The attack on the judgment is directed solely as to whether there was a judgment of preliminary default; there being no complaint on the question of confirmation.

■■ The real contest here is as to whether a judgment for a preliminary default can be obtained, unless there appears a "statement on the records of the court, showing that the defendant has failed to appear," as provided for in article 311, Code Prac., above referred to.

This preliminary default is a judgment, being referred to in article 312, Code Prac., as the "first judgment rendered."

The statement on the records of the court mentioned in article 311 is required only to show that the "defendant has failed to appear." Obviously, this means a mere statement of the facts found by the court, and which authorizes an entry by it on the minutes of a judgment of preliminary default. It is upon that evidence of failure of defendant to appear that this judgment is rendered. The general rule is that in final judgments, if there be no record of the evidence on which it has been rendered, it will be presumed that it has been grounded on sufficient evidence.

In the instant case, when the court made the entry of "Preliminary default" on the minutes, should it not be presumed that this judgment was based on evidence, showing that defendant had failed to appear within the legal delay, although no statement of that fact was stated on the records. Should not the same presumption apply whether the judgment be on a preliminary default or on final hearing. In connection herewith, it must be noted that the judgment of confirmation begins in these words: "This cause having come up for trial on confirmation of a default taken and entered on the 11th day of June, 1932, etc."

We realize that, if the minutes or records showed that no such preliminary default had been entered on June 11, 1932, this reference to such an entry in the confirmation would not be of any effect.

The situation in the instant case is, however, different, as this reference is supported by the entry of a preliminary default on the minutes of the court, of date June 11, 1932. The reference in the confirmation that it was of a default previously taken and entered must be considered in upholding that the court had granted the preliminary default.

■■ The next complaint directed against the validity of the judgment refers to the failure of plaintiff in the prayer of the petition to ask that judgment be rendered against the defendants, including appellant, who is the only complainant.

The petition is based on a series of promissory notes secured by mortgage made by defendants in favor of plaintiff on which it is alleged that defendants owe, in solido, to plaintiff the sum of $343.19.

In the petition it is alleged that the "notes are hereto attached and made a part of this pleading"; and the notes were annexed as averred. They show the indorsement of Mrs. D. Conner, now Mrs. Winfred Morris, appellant. The recitals in these notes, as annexed documents, became part of the pleadings, Tremont Lumber Co. v. May, 143 La. 389, 78 So. 650; so much so that they would control the allegations of the petition if they were in conflict therewith, John Bonura & Co. v. United Fruit Co., 162 La. 53, 110 So. 86. Hence the indebtedness of the defend-

ants to plaintiff was fully alleged. The prayer of the petition, pertinent to the issue involved, is as follows: "Wherefore, petitioner prays that defendants herein be duly cited with a copy of this petition and that after due and legal proceedings had, there be judgment in favor of your petitioner, in the sum of three hundred forty-three & 18/100 ($343.-18) dollars, with interest," etc., and petitioner "prays for all other orders and decrees necessary in the premises and for general relief."

A cause of action was, in our opinion, fully set out in the body of the petition in which judgment was asked for the amount alleged, but without asking specifically that it be obtained against defendants.

In the case of Abadie et al. v. Gluck's Restaurant Corporation, 168 La. 241, 121 So. 757, 759, plaintiffs had grounded their suit on a failure of defendant to live up to its indemnity obligation against liability, and, instead of demanding a personal money judgment against defendant corporation, prayed for a specific performance of the indemnity obligation. The court said that the erroneous demand was inadvertently made and was unimportant, as a cause of action was clearly set out in the petition entitling plaintiffs to a judgment for the amount claimed, and that adequate redress could be granted plaintiffs under their prayer "for all general and equitable relief." In support of that conclusion the court cited Leland v. Rose, 11 La. Ann. 69; Legier v. Braughn, 123 La. 463, 49 So. 22.

In this case, as heretofore stated, a cause of action is clearly set forth in the petition in which it is prayed that judgment, after citation, be rendered for the amount alleged in the petition as being due on the notes annexed to the demand, the only omission in the petition being that it is not asked that it be rendered against the defendants who are all named in the petition. There is not the slightest indication in the petition that judgment could have been asked against any other parties than those therein named. This omission, as was said in the Abadie Case above cited, was evidently due to a mere inadvertence, was unimportant, as judgment could be rendered against defendants herein under the prayer of plaintiffs "for general relief."

The court in the Abadie Case referred also to previous decisions where we find the ruling announced on this subject to be expressed, as follows: "Under the prayer for general relief, suited to the nature and justice of the case, the court may render such judgment as would be given in a new suit, to avoid circuity of action."

We are of the opinion that "the nature and justice of the case" is such that the court below properly rendered the judgment appealed from under the prayer for general relief made by plaintiff therein; that, if the contentions of appellant were maintained, the judgment would be annulled for the purpose of merely having plaintiff add to the prayer of the original petition the words "against defendants," and that the same judgment, as originally rendered in confirmation of the default, could be rendered in the new suit, and which would lead to a circuity of action that should be avoided, as stated in the decisions above cited.

This case falls under the rulings of the cases hereinabove cited, and not under the doctrine enunciated in New Orleans & N. E. R. R. Co. v. Louisiana Const. & Imp. Co., 49 La. Ann. 49, 21 So. 171, upon which appellant relies for relief.

The demand for the annulment of the judgment is denied; and it is ordered that the appeal of Mrs. Winfred Morris be, and is hereby, dismissed at her cost.

ELLIOTT, Judge (dissenting).

Mrs. D. Conner, now Mrs. Winfred Morris, appealed from a judgment by default confirmed against her on the ground that no preliminary default was entered up against her as the law provides. The preliminary default on which the confirmation was based consists of two words, "preliminary default." The Code of Practice, art. 311, provides that: "Such judgment may be obtained by moving for it in court, but it consists merely in a statement on the records of the court, showing that the defendant has failed to appear."

When a default is confirmed against a party, it is not supported by any presumption in the matter of the showing that must appear on the face of the court's record. The statement on the record of the court must show that the defendant has failed to appear.

To me it does not appear that the two words mentioned are a sufficient statement and showing under the law. I think that the judgment appealed from is null and void in so far as concerns the appellant on that account. I also think the petition fatally defective in not praying in proper terms for a judgment against the defendant.