WOODWARD–WIGHT & CO., Limited, v.
HAAS.
No. 1160.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Haas & Haas, of Opelousas, for appellant.

Dubuisson & Dubuisson, of Opelousas, for appellee.

ELLIOTT, Judge.

Woodward-Wight & Co., Limited, brought suit against Leon S. Haas on three promissory notes, the aggregate amount due on which is $461.64, interest and attorney's fees to be added.

The defendant, Haas, admits plaintiff's ownership of the notes, but denies that it is a holder in due course. Further answering, he sets up against the plaintiff a demand in reconvention, the aggregate amount of which is $341.58, with legal interest to be added.

On the trial of the case, the plaintiff offered in evidence the notes sued on and rested, upon which defendant sought to offer evidence the purpose of which was to support his demand in reconvention. The plaintiff objected to any evidence for such a purpose, and the objection was sustained. Judgment was then rendered in favor of the plaintiff as prayed for. Defendant's demand in reconvention was rejected as in case of nonsuit. Defendant has appealed.

The only question before us is the correctness of this ruling, sustaining plaintiff's objection to any evidence, the purpose of which was to support defendant's demand in reconvention.

The Code of Practice explains the meaning of the term, "demand in reconvention." "The demand which the defendant institutes in consequence of that which the plaintiff has brought against him, is termed a demand in reconvention." Code Prac. art. 374.

Defendant claims in reconvention as follows:

Article 1. Defendant is entitled to a commission and credit of $40 from plaintiff for 40 Hunter fans sold and delivered to the Hotel James of the city of Opelousas, plaintiff having agreed and contracted verbally with defendant to allow and give defendant a commission of $1 on each fan sold, said fans having been sold during the early part of the year, 1930, and which said commission defendant has never been paid despite amicable demand therefor.

Article 2. On or about March 12, 1931, defendant bought $384.37 worth of Dodge machinery supplies from plaintiff.

Article 3. As an inducement and as a consideration for said purchase, plaintiff agreed and contracted verbally with defendant to credit defendant with all or any part of said merchandise that was slow moving; that is, that would sell slowly or was hard to sell to defendant's customers, and that defendant wished to return to plaintiff.

Article 4. Defendant still has on hand, at the present time, the following part of said merchandise, that is slow moving, to wit: $51.23 worth of flat boxes, $13.62 worth of soiled safety collars, and '$236.73 worth of pulleys, making a total of $301.58 worth of said merchandise left on hand · and in defendant's stock, all figures and amounts representing the net cost to defendant of said merchandise, as will more fully appear from inventory of flat boxes, soiled safety collars and pulleys, annexed hereto and made a part · hereof and marked Exhibit A.

Article 5. Defendant desires to avail himself of the terms of said verbal contract and agreement and to return all of said slow-moving merchandise that he has left on hand, and that he is therefore entitled to a credit of $301.58 on account of said merchandise, making a total of $341.58.

The plaintiff objected to any evidence, the purpose of which was to support this demand, on the ground that the allegations of the reconventional demand are too vague, general, and indefinite to admit of any proof in support of them, and for the further reason that, with regard to the alleged contract, described in articles 2, 3, 4, and 5 of defendant's reconventional demand, the demand therein made is premature because there was no putting in mora, and evidence in support of the demand is therefore inadmissible. Defendant offered to show that tender was made to plaintiff of the goods described in article 4 of his reconventional demand after filing of reconventional demand, but prior to the date set for the trial. To which offering plaintiff further objected on the ground that there was no allegation in the answer or reconventional demand that tender of said goods had been made.

It is not claimed in the objection nor argued in plaintiff's brief that defendant's demand in reconvention, concerning the commission, which he claims on account of the sale of the Hunter fans and on account of his right to return and receive credit for the slow-moving Dodge machinery supplies, does not state a cause of action, but his objection is that defendant's averments on the subject are too vague, general, and indefinite to admit of any proof in support of same.

■ Dealing with the record as we find it, we quote from the syllabus in Stringfellow v. Nowlin Bros. et al., 157 La. 683, 102 So. 869, as follows:

"Position of one instituting a reconventional demand becomes that of plaintiff so that, although demand be inserted in answer, it is not considered as a part thereof but as a petition setting forth a distinct cause of action.

"As a reconventional demand is considered as a petition setting forth a distinct cause of action, it is subject to all rules of pleading applicable to plaintiff, and must be set forth with same clearness and precision as if alleged in a direct action."

There are other decisions to the same effect.

The Code of Practice, art. 161, provides that: "It is sufficient, in all judicial demands * * * to express clearly what is demanded, with such conclusions as may serve for a basis to the judgment to be rendered in the cause."

Article 171 requires that the petition set forth a cause of action.

Article 172 provides, among other matters, that it "must contain a clear. and concise statement of the object of the demand, as well as of the nature of the title, or the cause of action on which it is founded." It is further provided that it must end by conclusions analogous to the nature of the action to which the plaintiff has resorted.

■ The itemized account marked Exhibit A annexed to and made part of the answer is to be considered in connection with defendant's averments. The averments meet and satisfy the requirements of the Code of Practice on the subject. The plaintiff is thereby informed of all that it needs to know in order to defend itself on that account. It may be assumed that plaintiff is not dependent on defendant for information as to the name of its representative, who entered into the alleged contract with defendant. Neither is it dependent on him for information as to the place of contract. As for the date of the contract,

the plaintiff is sufficiently informed by defendant's averments on that subject.

If plaintiff felt that it was entitled to details and particulars not set out in the demand in reconvention, it should not have waited until the trial of the case on the merits had been entered into, but should have timely and before the day fixed for the trial urged its request by way of an exception and in such a way that the lower court could have ruled on the matter and allowed the defendant to supply the data in case the plaintiff was found entitled thereto. The case Doullut v. McManus, 37 La. Ann. 800, is applicable to the situation. The plaintiff cites us authorities on the subject, but we do not find them appropriate to the present case.

The plaintiff further objected on the ground that defendant's demand for credit on account of the Dodge machinery supplies, alleged to be slow moving, was premature; that it had not been put in mora, and that a tender was not alleged in defendant's demand in reconvention. If it be true that, under defendant's averments, a tender should have been made, then, in view of the provision in article 1914 of the Civil Code which reads as follows: "But if the obligation be to do or give any thing that may as well be given, or done at one time and place as at another, then the party failing may be put in default as well after as at the time the obligation becomes due," it would seem to us that defendant's offer, made after answer filed, but before trial, satisfied the requirements of the obligation as alleged in the reconventional demand, but we do not think any was necessary. Defendant's averment concerning his right to return the goods, when the eventualities of his trade rendered it proper, is to be taken as true for the purpose of ruling on the objection. The objection that the demand was premature should not have been sustained because it required evidence to show whether or not defendant was entitled to return the articles sought to be returned and have credit on said account.

Then again article 1912 and the other articles and provisions of the Civil Code on the subject of putting in default have application only when there has been a breach of contract and damages are claimed on said account, or when one of the parties to a contract sues for its rescission. Defendant is not claiming damages of the plaintiff on account of a breach of contract, nor seeking to rescind their contract, concerning the Dodge machinery supplies, but is suing instead to enforce plaintiff's compliance with their contract on that subject. He is merely claiming a credit, which he alleges is due him under the contract whereby he bought this merchandise from the plaintiff. He is not seeking a rescission, but the enforcement of an alleged contract. A putting in default is not necessary in a case of that kind. Plaintiff's objections should have been overruled.

The question as to whether the plaintiff is the holder of the notes sued on in due course is precluded by defendant's demand in reconvention.

For these reasons the judgment appealed from is annulled, avoided, and set aside. The objections urged by the plaintiff that defendant's demand in reconvention is too vague, general, and indefinite to admit of proof, that it is premature, that plaintiff has not been put in mora, and that defendant does not allege a tender, are overruled, and the case is now remanded to the lower court and reopened for the hearing of evidence on defendant's demand in reconvention. The trial to be proceeded with in the manner and form prescribed by law.

Plaintiff-appellee to pay the cost of this appeal, that in the lower court to abide the final result of the case.