## ALLIANCE TRUST CO., Limited, v. PAGGI–STREATER CO. et al. *
### No. 1343.

Court of Appeal of Louisiana. First Circuit.
June 11, 1934.

McCoy, Moss & King, of Lake Charles, for appellants.

Modisette & Adams, of Jennings, for appellee.

LE BLANC, Judge.

Plaintiff instituted this suit originally against the Paggi-Streater Company, Inc., Charles Paggi, John B. Streater, and Winfield S. Streater, seeking to recover judgment against them each, in solido, in the full sum of $10,783.64. Charles Paggi and John B. Streater were not cited, however, and in the judgment that was subsequently rendered in favor of the plaintiff against the other two defendants, in solido, such rights as plaintiff had against the two that were not cited were specially reserved. On appeal to the Supreme Court, this judgment was amended by reducing the amount awarded and by disallowing certain attorney's fees that had been demanded on unmatured notes. 173 La. 356, 137 So. 60.

The defendant, Paggi-Streater Company, Inc., owned some 900 acres of land and about 45 head of cattle which ranged on that property situated in Cameron parish.

Winfield S. Streater was the general manager of Paggi-Streater Company, Inc. Claiming that he was a creditor of the corporation for a larger amount, he took the remnant of the herd of cattle for $1,000 on account of the sum he claimed was due him, and gave the corporation credit for that amount on its books. He thereafter organized the Streater Investment Corporation and sold all of his property, including the herd of cattle, to that corporation, taking stock in payment thereof.

On April 21, 1933, plaintiff herein filed a

---

*Rehearing denied June 30, 1934. Writ of error refused Aug. 3, 1934.

suit docketed under No. 17118 of the district court, in which one of the objects sought was to have the sale of the cattle declared fictitious and simulated, and, in the alternative, fraudulent, null, and void. Such is one of the specific demands for relief in the plaintiff's prayer, according to the certified copy of the petition, in that suit which forms part of this record. In that petition Paggi-Streater Company, Inc., Streater Investment Corporation, and Winfield S. Streater are made parties defendant, and judgment is prayed for against them.

While suit No. 17118 was pending on the docket of the district court, and before issue had been joined, plaintiff, in execution of its judgment in the present suit, had the herd of cattle seized as being the property of Paggi-Streater Company, Inc., one of its judgment debtors. The cattle in the meantime had been removed from Cameron to Jefferson Davis parish by Streater Investment Corporation, and were ranging in a pasture belonging to W. M. Buchanan, a friend of Winfield S. Streater. After the cattle had been seized, Streater Investment Corporation, acting through Winfield S. Streater, and availing itself of the provisions of Act No. 37 of 1882, made an affidavit that it was the bona fide owner of the cattle and demanded of the plaintiff the indemnity bond provided for under that statute.

On June 14, 1933, almost two months after it had filed suit No. 17118, plaintiff filed a petition in the present suit in which it alleged that the affidavit made by Streater Investment Corporation with regard to the ownership of the cattle was untrue and false to the knowledge of Winfield S. Streater and the Streater Investment Corporation, and further alleged that they belonged to Paggi-Streater Company, Inc., its judgment debtor. Plaintiff prayed that a rule issue against both Streater Investment Corporation and Winfield S. Streater, ordering them to show cause why it should not traverse the affidavit of ownership of said cattle and the same be quashed, and that they be enjoined and prohibited from further interfering with the execution of the judgment herein against Paggi-Streater Company, Inc. The district judge granted the prayer for the rule to show cause, and made the same returnable two days thereafter. On the return day, Streater Investment Corporation and Winfield S. Streater filed exceptions of lis pendens and of no right or cause of action to plaintiff's petition. After hearing these exceptions, the trial judge rendered judgment overruling them both, whereupon the defendants in rule answered to the merits, and the issue of ownership of cattle was placed squarely before the court. As an alternative, they filed a plea of prescription of one year to plaintiff's demand to set aside or have annulled and disregard the purchase of the cattle. As a result of the trial of the rule on the merits, the court at first rendered judgment in favor of the defendants recalling and dismissing plaintiff's rule, reserving to it the right to prosecute the revocatory action then pending in suit No. 17118, but on rehearing changed its opinion and gave judgment in favor of the plaintiff revoking and setting aside the sale of the cattle as having been made in fraud of creditors. The defendants have appealed, and urge as one of the serious errors on the part of the trial judge his ruling on the exception of lis pendens.

The exception, of course, is based on article 94 of the Code of Practice, as amended by Act No. 62 of 1918. As amended, the article mentioned now reads: "The same cause cannot be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed. The judge before whom the action is first brought shall sustain his jurisdiction, and the defendant shall be entitled to have the cause dismissed in the other suit or by the other court, and to recover costs. Nevertheless, if the defendant, instead of claiming to be dismissed, should answer in the actions so brought against him, the judgment first rendered shall be valid and executory. Proceedings shall be stayed in the other suit or in the other court, as the case may be, and the plaintiff dismissed after paying the costs."

Here, the two alleged causes of action are brought before the same court, which makes no difference as far as subjecting one of them to the exception of lis pendens is concerned, since the passage of Act No. 62 of 1918. Here, also, the defendants protected their rights by filing the exception in limine, and filed no answer in either proceeding instituted against them until their exceptions had been overruled.

The learned judge a quo, in assigning reasons for overruling the exception of lis pendens, says that the parties to the two proceedings before the court were not the same, as Paggi-Streater Company, Inc., is not a party to suit No. 17118. We do not understand in what sense it is meant that that corporation is not a party in that proceeding, as it is specifically designated by name as such, citation is prayed for on it, and certain relief is prayed for as a judgment against it. True,

there is no specific allegation or demand made against that corporation with regard to the sale of the cattle involved in both proceedings, but we fail to understand what difference that can make with respect to that part of the cause of action between plaintiff and the other defendants, which is the same in both suits. It will not suffice, therefore, to dismiss the exception on the general statement that Paggi-Streater Investment Corporation is not a party in suit No. 17118, when in truth and in fact it is a defendant therein specifically named, and citation and judgment are prayed for against it.

■ Whilst there are several demands embodied in suit No. 17118, it is certain that one of the definite issues involved is the ownership of the cattle that were seized in this proceeding as being the property of Paggi-Streater Company, Inc., and which is the very issue raised by the rule to show cause. The wording of the prayer in the rule to show cause may not be the same as that of the prayer in the other suit, but the demand in each is made to obtain the same result, and it may properly be said, therefore, that the cause is the same in each.

As another reason for overruling the exception of lis pendens, the trial judge held that the rule taken by plaintiff herein was no new or second suit; that it was simply the method adopted by plaintiff to meet and dispose of the issue raised by a third opponent who came in and claimed ownership of the property seized. The rule, he holds, was a defense to this claim. But, as appears from the subsequent proceedings, the trial judge himself, in a rule to require this claimant of the property, the Streater Investment Corporation, to deposit advance costs and give security for costs that were to accrue thereafter, specifically stated in his reasons for dismissing the rule that that corporation was not a third opponent, but a defendant. He very properly, in our opinion, states: "The court is of the opinion that the Streater Investment Corporation would not have been in court had it not been for the rule taken on it by the plaintiff to show cause why the affidavit of ownership should not be quashed and declared false, and being of that opinion, the court holds the Streater Investment Corporation to be a defendant and not a plaintiff, and, therefore, not liable to either advance costs or secure costs in accordance with section 5 of Act No. 203 of 1898."

The real parties in interest in the rule could not have been better identified than they were by this language of the district judge. They are the very same parties in interest in the other suit that was pending with no answer yet filed therein. The cause of action or the result to be obtained was the same, and we therefore conclude that, under article 94 of the Code of Practice as now amended, the defendants were entitled to the dismissal of the pending suit before they could be forced to meet the issue in this new proceeding.

The ruling of the lower court on the exception of lis pendens was, in our opinion, erroneous. The exception should have been sustained instead of being overruled, and, as the sustaining of the exception carries with it the dismissal of the plaintiff's rule, the judgment will have to be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided, set aside, and reversed, and it is now ordered that there be judgment in favor of the defendants sustaining the exception of lis pendens and dismissing the plaintiff's rule at its costs.